UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BYRON CHEMICAL COMPANY, INC.

        Plaintiff,

           - against -

CIPLA LIMITED,

        Defendant.

Civil Action No. _____

*New York State*
*Supreme Court*
*Index No. 712222/2016*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Cipla Limited ("Cipla"), with full reservation of any and all defenses, objections, and exceptions, hereby gives notice that the above-captioned action pending in the Supreme Court of the State of New York, County of Queens is hereby removed to the United States District Court for the Eastern District of New York.  In support of removal, Cipla states the following:

## STATEMENT OF THE STATE COURT ACTION

1.      On or about October 13, 2016, Plaintiff filed this lawsuit in the Supreme Court for the State of New York, County of Queens, via Summons and Complaint, styled, <u>Byron Chemical Company, Inc. v. Cipla, Limited</u>, Index No. 712222/2016.  Attached hereto as Exhibit A is a true and correct copy of the Summons and Complaint.

2.      On or about October 20, 2016, Plaintiff purported to serve Cipla through an indirect subsidiary with a copy of the Complaint bearing Index No. 712222/2016.

3.      Plaintiff's Complaint asserts a claim for breach of contract against Cipla.

## JURISDICTIONAL GROUNDS FOR REMOVAL - DIVERSITY

4.      Plaintiff alleges in Paragraph 5 of the Complaint that Plaintiff is a corporation organized under New York law and maintains its principal place of business in New York.

5.      Cipla is a publicly-traded company registered under the laws of India.  Cipla maintains its principal office in India and is engaged in the manufacture and sales of pharmaceuticals.  (Declaration of Sanjay Bhanushali, executed November 7, 2016 ("Bhanushali Decl."), attached hereto as Exhibit B, ¶ 2.)  Therefore, Cipla is a citizen of a foreign country for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(2).

6.      Cipla denies that it is liable to Plaintiff, but states that if Plaintiff were to prevail on its claim, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  (Id. ¶¶ 3–4.)

7.      This Court has diversity-of-citizenship jurisdiction over this lawsuit under 28 U.S.C. § 1332 because (1) Plaintiff is a citizen of the State of New York, (2) Cipla is a citizen of a foreign country, and (3) the amount in controversy between the parties exceeds $75,000.00, exclusive of interest and costs.

8.      Pursuant to 28 U.S.C. § 1441, *et seq.*, Cipla may remove this lawsuit from state court to this Court.

9.      Cipla has not been properly served, but in any event, files this notice of removal within 30 days after the lawsuit was filed in state court on October 13, 2016.  Accordingly, this notice of removal is timely.

**VENUE**

10.      Venue, for purposes of removal, is proper in this district under 28 U.S.C. § 1441(a) because it embraces Queens County where this lawsuit was pending in state court.  28 U.S.C. § 112(c).

## ATTACHMENT OF STATE COURT PLEADINGS

11.     In accordance with 28 U.S.C. § 1446(a), Cipla attaches true and correct copies of all process, pleadings, and orders received in the State Court Action as Exhibit A.

## NOTICE OF REMOVAL GIVEN TO THE STATE COURT

12.     Cipla also attaches a true and correct copy of the Notice of Filing Notice of Removal to Federal Court as Exhibit C.  Promptly after filing this Notice of Removal, Cipla will file a copy of Exhibit C with the Supreme Court for the State of New York, County of Queens, and serve that document on Plaintiff as required under 28 U.S.C. § 1446(a).

WHEREFORE, please take notice that this action should proceed in the United States District Court for the Eastern District of New York as an action properly removed thereto pursuant to 28 U.S.C. § 1441.

Dated: New York, New York
         November 7, 2016

KILPATRICK TOWNSEND & STOCKTON LLP

By: s/ Ian M. Goldrich
         Ian M. Goldrich
1114 Avenue of the Americas, 21st Floor
New York, New York  10036
(212) 775-8700
igoldrich@kilpatricktownsend.com

*Counsel for Defendant*

# EXHIBIT

# A

SUPREME COURT OF THE STATE OF NEW
COUNTY OF QUEENS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
Byron Chemical Company, Inc.

                    Plaintiff/Petition

                                          Index     712222/2016
                                                    _____

Cipla Limited

- - - - - - - - - - - - - - - - - - - - - - - - - Defendant/Responde
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC

PLEASE TAKE NOTICE that the matter captioned above has been commenced as
an electronically filed case in the New York State Courts Electronic Filing
System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory
electronic filing). This notice is being served as required by that rule.


NYSCEF is designed for the electronic filing of documents with the County Clerk
and the court and for the electronic service of those documents, court documents, and
court notices upon counsel and unrepresented litigants who have consented to


Electronic filing offers significant benefits for attorneys and litigants, permitting
papers to be filed with the County Clerk and the court and served on other parties
simply, conveniently, and quickly. NYSCEF case documents are filed with the County
Clerk and the court by filing on the NYSCEF Website, which can be done at any time of
the day or night on any day of the week. The documents are served automatically on all
consenting e-filers as soon as the document is uploaded to the website, which sends out


The NYSCEF System charges no fees for filing, serving, or viewing the electronic
case record, nor does it charge any fees to print any filed documents. Normal filing fees
must be paid, but this can be done on-line.


**Parties represented by an attorney:** An attorney representing a party who is
served with this notice must either: 1) immediately record his or her representation
within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with
the clerk of the court where this action is pending. Exemptions from mandatory e-filing
are limited to attorneys who certify in good faith that they lack the computer hardware
and/or scanner and/or internet connection or that they lack (along with all employees
subject to their direction) the operational knowledge to comply with e-filing


**Parties not represented by an attorney: Unrepresented litigants are
exempt from efiling. They can serve and file documents in paper form and
must be served with documents in paper form.** However, an unrepresented litigant

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www. nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646- 386-3033; e-mail: efile@nycourts.gov).

Dated   10/13/2016

**s/**TIMOTHY EDWARD HOEFFNER
Signature

TIMOTHY EDWARD HOEFFNER
Name

DLA Piper LLP (US)
Firm Name

1251 Avenue of the Americas
Address

New York, NY 10020-1104
City, State, and Zip

212.335.4500
Phone

timothy.hoeffner@dlapiper.com
E-Mail

To:   **CIPLA LIMITED,**

9/3/15

Index                    Page 2 of 2                    EFM-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------ X

BYRON CHEMICAL COMPANY, INC.,                   :

               Plaintiff,                   :       Index No. **712222/2016**

        -against-                   :       **SUMMONS**

CIPLA LIMITED,                                  :       Date: October 13, 2016

            Defendant.

------------------------------------ X

     YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a

copy of your answer, or, if the Complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons,

exclusive of the day of service (or within 30 days after service is complete if this summons is not

personally delivered to you within the State of New York); and in case of your failure to appear

or answer, judgment will be taken against you by default for the relief demanded in the

Complaint.

     Plaintiff designates Queens County as the place of trial.  The basis of the venue is that

Plaintiff maintains a place of business in Queens County.

Dated: New York, NY
       October 13, 2016

                       Respectfully submitted,

                       DLA Piper LLP (US)
                       1251 Avenue of the Americas
                       New York, NY  10020-1104
                       212.335.4500

             By: _____

                   Timothy E. Hoeffner
                   Tomasita L. Sherer
                     Attorneys for Plaintiff
                   Byron Chemical Company, Inc.

EAST\134724486.1

FILED: QUEENS COUNTY CLERK 10/13/2016 06:37 PM
NYSCEF DOC. NO. 2

INDEX NO. 712222/2016
RECEIVED NYSCEF: 10/13/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------ X

BYRON CHEMICAL COMPANY, INC.,                  :

               **Plaintiff,**                          :          Index No. **712222/2016**
                                                Date Purchased: **10/13/2016**
         -against-                               :

CIPLA LIMITED,                                 :          **COMPLAINT**

               **Defendant.**                        :

------------------------------------------ X

       Plaintiff, Byron Chemical Company, Inc., by its attorneys, DLA Piper LLP (US), as and

for its complaint against Defendant, Cipla Limited, alleges as follows:

## INTRODUCTION

      1.     This is an action for breach of contract arising under an exclusive sales agreement

dated May 29, 1996, by and between Byron Chemical Company, Inc. ("Byron") and Cipla

Limited ("Cipla") (the "Agency Agreement"). A copy of the Agency Agreement is annexed as

Exhibit A.

      2.     Under paragraph 5 of the Agency Agreement, Byron is to receive a five percent

(5%) commission on any sales within the territory of the United States, including Puerto Rico

and the Virgin Islands (the "Exclusive Territory").

      3.     Upon information and belief, Cipla owes Byron commissions on sales that

occurred within the Exclusive Territory and has therefore failed to satisfy its obligations under

paragraph 5 of the Agency Agreement.

      4.     Byron now brings this action for breach of contract, seeking, *inter alia*, payment

of the commissions owed to it as provided in the Agency Agreement.

## PARTIES

5.      Plaintiff Byron is a New York Corporation and maintains its principal place of business in Long Island City, New York.

6.      Upon information and belief, Defendant Cipla is an Indian multinational pharmaceutical and biotechnology company, headquartered in Mumbai, India.

7.      Upon information and belief, Cipla is engaged in the pharmaceutical sales business and is doing business within the United States, including the State of New York.

8.      Upon information and belief, InvaGen Pharmaceuticals, Inc., a Cipla subsidiary, manufactures, markets, and distributes generic prescription medicines from its corporate headquarters and place of business in Long Island, New York.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over Defendant under the long-arm statute, CPLR 301.

10.     Venue is in the County of Queens in accordance with CPLR 503 because it is Plaintiff's principal place of business.

## BACKGROUND FACTS

11.     On or about May 29, 1996, Cipla, as Supplier, and Byron, as Sales Agent, entered into an exclusive sales agreement (the aforementioned Agency Agreement), whereby Byron would act as an intermediary for Cipla's bulk drugs sales in the United States.  Exhibit A, par. 1.

12.     The initial term of the Agency Agreement was from May 29, 1996 through and including December 31, 1998.  Exhibit A, par. 4.

13.     The Agency Agreement provides that the term will renew automatically for three year periods at the end of a prior term and continue until terminated with 12 months' notice from either party.  Exhibit A, par. 4.1.

14.     As per the Agency Agreement all "orders obtained by Byron and delivered to Cipla prior to the actual date of termination shall be deemed orders placed under this agreement and honored by Cipla." Exhibit A, par. 4.2.

15.     In addition, Byron is entitled to a commission of five percent (5%) on any "orders obtained directly from any end user in the exclusive territory without Byron's involvement." Exhibit A, par. 5.

16.     Paragraph 5 further provides that "Cipla agrees to notify Byron of direct end user sales prior to transaction in order to avoid any possible conflict of interest." *Id.*

17.     By letter dated December 10, 2015, Cipla gave notice of its desire to terminate the Agency Agreement on December 31, 2016. Paragraph 3 of the letter further contains release language stating in part that Byron releases Cipla "from any and all legal and/or equitable claims." Exhibit B annexed hereto.

18.     This purported release, however, was never agreed to by Byron and Byron explicitly disclaimed agreeing to the purported release, reserving all of its legal and equitable rights, by letter dated January 15, 2016. Exhibit C annexed hereto.

19.     In addition , in the January 15, 2016 letter, Byron acknowledged Cipla's desire to terminate the Agency Agreement "subject to any surviving rights and obligations of the parties." *Id.*

20.     On September 7, 2016, through its lawyers at DLA Piper LLP (US), Byron requested an accounting of all products sold in Byron's Exclusive Territory from May 29, 1996 to the present. Exhibit D annexed hereto. The letter asked for a response within twenty (20) days. No response to this letter was received to date.

## CAUSE OF ACTION
## FOR BREACH OF CONTRACT

21.    Byron repeats and realleges each and every allegation contained in paragraphs 1 through 20 as if fully set forth herein.

22.    As memorialized in the Agency Agreement, there was a valid and binding exclusive agreement between Byron and Cipla for, *inter alia*, commissions on sales.

23.    Cipla breached the Agency Agreement by refusing to pay Byron commissions due and owing under the agreement.

24.    Cipla has also deliberately withheld an accounting of sales in order to prevent Byron from ascertaining the extent of damages due to the breach, including but not limited to commissions owed.

25.    As a direct and proximate result of Cipla's breach, Byron has suffered and continues to suffer damages, to be later quantified.

**WHEREFORE**, Byron demands judgment against Cipla for the amount of commissions owed under the Agency Agreement to date, plus interest and attorney's fees and costs, in an exact amount to be determined at trial, and for such other and further relief this Court deems just and proper.

Dated:       Long Island City, NY
             October 13, 2016

                                      DLA PIPER LLP (US)
                                      1251 Avenue of the Americas
                                      New York, NY 10020
                                      Tel: (212) 335-4500
                                      Fax: (212) 335-4501

                                      By: _____
                                           Timothy E. Hoeffner
                                           Tomasita L. Sherer

# Exhibit A

PUT INTO SCIENTIFIC AS IS

# AGENCY AGREEMENT

between:     **Cipla Ltd.**
             **289 Bellasis Road**
             **Bombay Central 400 008.**
             **Bombay, India**

Hereafter called CIPLA as :

*SUPPLIER*

and          **Byron Chemical Company, Inc**
             **40-11 23rd Street**
             **Long Island City, New York 11101**

Hereafter called BYRON as :

*SALES AGENT*

THE FOLLOWING AGENCY AGREEMENT HAS BEEN AGREED UPON :

1.   Cipla appoints Byron as its exclusive agent authorized to act as intermediary for
     the sales of Cipla's bulk drug substances having valid US Drug Master Files
     (Hereinafter the "Products") within the territory of the U.S.A. including Puerto
     Rico and the Virgin Islands (the "Exclusive Territory").

2.   Byron will cover all expenses out of the commission / profits earned in its
     capacity as exclusive agent. Transit business via the U.S.A. does not fall within
     the agreement. Should, however, Byron initiate such business via the U.S.A.,
     such business will be subject to the approval of Cipla.

3.   Byron binds itself to pursue the interest of Cipla to the best of its ability,
     especially to take reasonable measures to sell the entire line of "Products" as
     supplied by Cipla.

: 2 :

4.      The initial term of this agreement shall be a period from the date of execution of this agreement through and including December 31, 1998 for the product line currently marketable in the exclusive territory.   All additions to the currently marketable product line shall be subject to this agreement for a period of three (3) years from the date that product becomes part of the marketable product line only for customers identified during the term of this agreement.

Marketable product line are active drug substances off patent in the exclusive territory for which Cipla has a valid DMF / Antibiotic application.

4.1     This agreement shall be automatically renewed for further three (3) year periods at the end of its then current term without any further action on the part of either party.   Either party to this agreement may terminate this agreement as of the end of the initial period or at the end of any three (3) year extension by giving 12 months notice that it does not intend to renew the contract after its current expiration date.  Upon delivering of such notice the contract will terminate on the then scheduled expiration date.

4.2     All orders obtained by Byron and delivered to Cipla prior to the actual date of termination shall be deemed orders placed under this agreement and honored by Cipla.

5.      Byron will allow Cipla to solicit or accept any orders obtained directly from any end user in the exclusive territory without Byron's involvement provided Byron is covered for their commission.  Cipla shall grant Byron a commission of 5 % (Five percent) on FOB value of the bulk drug substance sold directly by Cipla to an end user in the exclusive territory.  Cipla agrees to notify Byron of direct end user sales prior to transaction in order to avoid any possible conflict of interest.

6.      Cipla shall produce and deliver their products as represented by purchase orders obtained by Byron to the best of its capabilities in a timely fashion and in accordance with the purchase orders.

: 3 :

7.   All notices, requests, demands and other communications which are required or may be given under this agreement shall be in writing and shall be deemed to have been duly given if personally delivered or if mailed, registered mail return receipt requested, postage pre-paid to :

If to supplier   :   Cipla Ltd.
289 Bellasis Road
Bombay Central 400 008
Bombay, India

If to sales agent:   Byron Chemical Company Inc.
40-11 23rd Street
Long Island City,
New York 11101, USA

8.   No change or modification of this agreement shall be valid unless the same being in writing and signed by all of the parties to this agreement.

9.   This agreement is made under and shall be governed by the laws of the country in which the defendant in any proceedings instigated in connection with this agreement has its registered or principal office.

10.   Both Byron and Cipla shall be excused from the performance of any term, provision or condition to be performed on the part of either of them under this agreement if, in the sole discretion of Byron, the performance would violate any statute or regulation or infringe on the right of a third party.

This agreement has been drawn on three (3) pages, and has been typed in two (2) copies.

CIPLA LTD.                              BYRON CHEMICAL COMPANY INC.

Dr Yusuf K Hamied                      Laura Candela, Vice President
Managing Director                      New Product Development

Date :   29   MAY, 1996

# Exhibit B



(By registered mail)
CONFIDENTIAL.

To,

BYRON CHEMICAL COMPANY, INC.,
40 - 11 23rd St., Long Island City,
NY 1101, U.S

December 10, 2015

Dear Sir,

SUB:          Termination Notice for Agency Agreement

This is with reference to the Agency Agreement dated May 29, 1996 executed between Cipla Limited ("Cipla") and Byron Chemical Company, Inc. ("Byron") (the "Agency Agreement").

According to Section 4.1 of the Agency Agreement, either party to the Agency Agreement shall have the right to provide a written notice informing the other party of its intention not to renew the Agency Agreement and allow it to expire prior to the then expiration date. The next expiration date of the Agency Agreement is December 31, 2016 ("Termination Effective Date"), accordingly, please consider this letter as a notice of Cipla's intent not to extend the term of the Agency Agreement and to terminate any other written or oral agreement or arrangement between Cipla Limited and Byron effective as of the Termination Effective Date.

For clarity, effective as of the Termination Effective Date, Cipla or its affiliates shall not have any obligation to Byron and/or each of their affiliates and its and their respective officers, directors, employees, stockholders, agents, representatives, advisors, consultants, independent contractors and successors and assigns (each, in such capacity, a "Byron Releasor") and Byron Releasor shall have deemed to release and discharge Cipla, it's affiliates and its and their respective officers, directors, employees, stockholders, agents, representatives, advisors, consultants, independent contractors and successors and assigns ("Cipla Releasee") from any and all legal and/or equitable claims, causes of actions, demands or liabilities whatsoever, whether asserted or unasserted, known or unknown or suspected to exist by any Byron Releasor, which the Byron Releasor ever had or may now have against any Releasee, from the beginning of time until the Termination Effective Date, in any way relating to Cipla Releasee.

Yours Truly,

For Cipla Limited,


S.S.Priyadarshi                                              Yay
_____                                    _____
Name: SUBHANSHU PRIYADARSHI          Name: AJAY LUHARUKA
Title: GLOBAL CHIEF CORPORATE          Title: CPO - NORTH AMERICA
           COMPLIANCE OFFICER

Cipla Ltd. Regd. Office Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai - 400 013
Phone +91 22 24826000  Fax +91 22 24826139  E-mail contactus@cipla.com  Website www.cipla.com
Corporate Identity Number L24239MH1935PLC002380

# Exhibit C



**Byron Chemical Company, Inc.**

40-11 23rd Street, Long Island City, NY 11101
Phone: 718-786-8441 • Fax: 718-392-3437
Website: www.byronchemical.com

January 15, 2016,

<u>By Registered Mail</u>

Cipla Ltd.
Cipla House
Peninsula Business Park
Ganpat Rao Kadam Marg
Lower Parel
Mumbai-400 013
India

Attn:   Sudhanshu Privadarshi, Global Chief Operating Officer
Ajay Luharuka, CFO – North America

Re:   Agency Agreement dated May 29, 1996 (the "Agency Agreement") between Cipla Limited
("Cipla") and Byron Chemical Company, Inc. ("Byron")

Gentlemen:

This is in reference to your letter dated December 10, 2015, regarding termination of the above-referenced Agency Agreement.

Byron confirms receipt of your December 10th letter and acknowledges your desire to terminate the Agreement subject to any surviving rights and obligations of the parties under the Agency Agreement.

Your December 10th letter contains language purporting to disclaim certain obligations of Cipla and certain other entities and individuals, and to release and discharge the purported "Cipla Releasees" from certain claims, causes of action, demands and liabilities (the "Purported Release"). Byron and each of the other purported "Byron Releasors" cannot accept the Purported Release in its entirety. Neither Byron nor any of the other purported "Byron Releasors" shall be bound by the Purported Release in any respect, and each of Byron and the other purported "Byron Releasors" reserves all of its legal and equitable rights.

We have been in communication with David Thang of Cipla to schedule a meeting in early February. At such time we request a discussion to amend the Cipla Notification to a version that is equitable to both parties and open to continued relations.

Very truly yours,

Nicholas Cola
President
Byron Chemical Company, Inc.

# Exhibit D



DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Timothy E. Hoeffner
timothy.hoeffner@dlapiper.com
T  212.335.4841
F  212.884.8551

September 7, 2016

*VIA EMAIL  (Sanjay.bhanushali@cipla.com) AND CERTIFIED MAIL*

Sanjay Bhanushali
Cipla House
Penisula Business Park, Tower-C
Ganpat Rao Kadam Marg
Lower Parel, Mumbai-400 013
India

Re:    Agency Agreement between Cipla Limited and Byron Chemical Company, Inc.

Dear Mr. Bhanushali:

This firm represents Byron Chemical Company, Inc. ("Byron") in connection with the Agency Agreement dated May 29, 1996, by and between Cipla Limited ("Cipla") and Byron ("Agency Agreement").

We write to request an accounting of all products sold in Byron's Exclusive Territory from the effective date of the Agency Agreement to the present.[1]  The requested accounting should include, without limitation, sales for which Byron has already been compensated and sales for which Byron is owed a 5% commission pursuant to Paragraph 5 the Agency Agreement. Please respond to our request within twenty (20) days from the date of this letter.

Please feel free to contact me if you care to discuss.

Sincerely,

Timothy E. Hoeffner
Partner

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Agency Agreement.



Mr. Bhanushali
September 7, 2016
Page Two


Cc:      David Thang
         Cipla USA Inc.
         9100 South Dadeland Blvd., Suite 1500
         Miami, FL 33125

         Dr. Jean Marie Rosset
         Cipla Europe NV
         Chez Moren 16 A
         1955 Chamoson, VS, Switzerland


         Dr. Yusuf Hamied
         Cipla Ltd Mumbai Central
         Mumbai
         400 008 India

         Nicholas Cola
         Byron Chemical Company, Inc.
         40-11 23rd Street
         Long Island City, NY  11101

         Mitchell S. Kleinman
         Byron Chemical Company, Inc.
         40-11 23rd Street
         Long Island City, NY  11101


EAST\129017683.1

# EXHIBIT

# B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BYRON CHEMICAL COMPANY, INC.

       Plaintiff,

          - against -

CIPLA LIMITED,

       Defendant.

Civil Action No. _____

*New York State*
*Supreme Court*
*Index No. 712222/2016*

## DECLARATION OF SANJAY BHANUSHALI IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. § 1746, I, SANJAY BHANUSHALI, declare under penalty of perjury as follows:

1.      My name is SANJAY BHANUSHALI.  I am over the age of 21 years, suffering from no known disabilities, and am otherwise competent to testify.

2.      I am the Director of International Operations of Cipla Limited ("Cipla"), which is a publicly-traded pharmaceutical company registered under the laws of India.  Cipla that maintains its principal office in India.  As Director of International Operations, I am familiar with the books and records of Cipla, including documents and sales relevant to the alleged contractual agreement at issue in this lawsuit.  The facts stated herein are based upon my personal knowledge in connection with my duties and upon my review of the books and records received, created, or maintained by Cipla and its agents in the ordinary course of business.

3.      Plaintiff alleges that Cipla has breached a certain Agency Agreement that appoints Byron as Cipla's agent to sell certain products within the territory covering the United States and Puerto Rico.  Compl. ¶¶ 2 & 15.  Plaintiff seeks an accounting of sales and alleges

that Cipla owes Plaintiff commissions under the Agency Agreement. Compl. ¶¶ 3 & 24. Plaintiff seeks to recover a five percent commission on all sales by Cipla to non-Byron customers in the United States and Puerto Rico.

       4.     Cipla denies that it has breached the agreement or that it is otherwise liable to Plaintiff. Cipla, however, states that if Plaintiff were to prevail on its claims, then the five-percent commission being sought by Plaintiff would exceed $75,000.00, exclusive of interest and costs, based on Cipla's sales in the United States and Puerto Rico.

       5.     On or about October 20, 2016, Byron delivered a copy of the complaint to InvaGen Pharmaceuticals, Inc., an indirect domestic subsidiary that is not a party to the Agency Agreement. Byron has not served Cipla with the complaint.

FURTHER DECLARANT SAYETH NAUGHT.

This __7th__ day of November, 2016.

_____
SANJAY BHANUSHALI

# EXHIBIT

# C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

BYRON CHEMICAL COMPANY, INC.

        Plaintiff,

           - against -

CIPLA LIMITED,

        Defendant.

Index No. 712222/2016

## NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Cipla Limited, with full reservation of any and all defenses, objections, and exceptions, filed a Notice of Removal of this action in the United States District Court for the Eastern District of New York on November 7, 2016. A copy of said Notice of Removal is attached hereto as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal removes this lawsuit to federal court, and this Court "may proceed no further unless and until the case is remanded."

KILPATRICK TOWNSEND & STOCKTON LLP

By:   s/ Ian M. Goldrich
      Ian M. Goldrich
1114 Avenue of the Americas, 21st Floor
New York, New York 10036
(212) 775-8700 (telephone)
(212) 775-8800 (facsimile)
igoldrich@kilpatricktownsend.com

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I, Ian M. Goldrich, hereby certify that on November 7, 2016, a true and correct copy of

the foregoing Notice of Removal and accompanying documents, was served via Electronic Mail

and First Class mail upon the following:

Timothy E. Hoeffner, Esq.
Tomasita L. Sherer, Esq.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020

*Counsel for Plaintiff*

s/ Ian M. Goldrich
Ian M. Goldrich