

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

November 16, 2016

**VIA ECF**

The Honorable Kiyo A. Matsumoto
United States District Court for the Eastern District of New York
225 Camden Plaza East
Brooklyn, NY  11201

Re:  Byron Chemical Company, Inc. v. Cipla Limited
     Civil Action No. 16-cv-06201 (KAM)
     **Plaintiff's Pre-Motion Letter Response**

Dear Judge Matsumoto:

I am writing on behalf of Plaintiff, Byron Chemical Company, Inc. ("Byron"), to respond to Defendant, Cipla Limited's ("Cipla's") pre-motion letter.  Cipla argues that it was improperly served and attempts at the pleading stage to limit its damages based upon alleged statute of limitations periods.  Both claims are premature, unsupported by fact or law, and inappropriately raised at the pleading stage of this case.  Byron respectfully requests that Cipla's request to bring a motion to dismiss on these grounds be wholly denied.

**Background**

The Agency Agreement at issue, entered into between the parties on May 29, 1996, is 3 pages long and relatively straightforward.  Compl. Ex. A.  It provides that Byron was to be Cipla's exclusive sales agent "authorized to act as intermediary for the sales of Cipla's bulk drug substances having valid US Drug Master Files (Hereinafter the "Products") within the territory of the U.S.A. including Puerto Rico and the Virgin Islands."  Compl. Ex. A. ¶ 1.  For its part, Byron agreed to "take reasonable measures to sell the entire line of "Products" as supplied by Cipla."  *Id.* at ¶ 3.  In return, Cipla agreed to "grant Byron a commission of 5% (Five percent) on FOB value of the bulk drug substance sold directly by Cipla to an end user in the exclusive territory."  *Id.* at ¶ 5.  While the initial term of the agreement states that Cipla's marketable product line included "active drug substances off patent in the exclusive territory for which Cipla has a valid DMF / Antibiotic application," it also states that, "[a]ll additions to the currently marketable product line shall be subject to this agreement for a period of three years from the date that product becomes part of the marketable product line."  *Id.* at ¶ 4.  As the agreement was automatically renewable for three (3) year periods until it was terminated, the agreement thus accounted for additions to the marketable product line over time.  *Id.*  To avoid any doubt that the sales agreement was exclusive, the agreement also specifically stated that if Cipla was to solicit or accept any orders without Byron's involvement, it could do so only "provided Byron is covered for their [sic] commission."  *Id.* at ¶ 5.

This case relates to Cipla's failure to pay commissions owed under the agreement.  After Cipla gave notice of its desire to terminate the agreement on December 10, 2015, improperly purporting to release itself from liability under the agreement, Byron expressly reserved all of its legal and equitable rights by letter dated January 15, 2016.  *Id.* at Ex. B and Ex. C.  Thereafter, Byron, by counsel, requested an accounting of all products sold under the agreement from the effective date of the Agency Agreement to the present.  *Id.* at Ex. D.  No response to that request has been received to date and this complaint followed.



November 16, 2016
Page Two

**Service of Process**

As the complaint was filed in State court on October 13, 2016, Byron had 120 days or until February 10, 2017, to complete service. CPLR 306-b. Therefore, any argument as to improper service is patently premature. Nevertheless, Cipla was properly served on October 19, 2016, via its wholly-owned subsidiary, InvaGen Pharmaceuticals, Inc.[1] See Affidavit of Service attached. Personal service on a foreign corporation may be made by delivering process to one of the persons enumerated in CPLR 311(1), or to a subsidiary corporation, even if it is a "mere department" or an "agent or mere instrumentality" of the foreign parent. *Taca Int'l Airlines, S.A. v. Rolls-Royce of England, Ltd.*, 15 N.Y.2d 97, 102, 256 N.Y.S.2d 129, 132, 204 N.E.2d 329, 331 (1965) (personal service on a British corporation was validly effected by delivering the summons to an officer of a separately incorporated subsidiary that was "a mere department" of the defendant rather than "a really independent entity"); *see also ABKCO Indus., Inc. v. Lennon*, 52 A.D.2d 435, 384 N.Y.S.2d 781, 784, 1976 N.Y. App. Div. LEXIS 12014 (1st Dep't 1976) (jurisdiction over a foreign corporation that did no business in New York was acquired by service in New York on its subsidiary, the alter ego of the parent, through which it acted). In addition to this service, Cipla was provided notice and a copy of the complaint, as per the agreement. Ex. A. ¶ 7; *see also* UPS receipt attached.

Although the Hague Service Convention's procedures for serving process abroad apply in many cases, they do not govern all circumstances where a plaintiff seeks to serve process on a foreign defendant. http://us.practicallaw.com/3-515-3048. Contrary to Defendant's arguments, it is not a hard and fast rule. *See e.g., Federal Trade Commission v. PCCare247 Inc.*, 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013) (granting the Federal Trade Commission's motion to serve documents on five defendants located in India by e-mail and Facebook due to the failure of India's Central Authority to serve them and determining that service by e-mail and Facebook did not violate due process). Courts have held that the Convention's procedures are not triggered if the law of the forum allows the plaintiff to serve the defendant directly in the U.S. The Supreme Court held that service on a domestic subsidiary does not implicate the Hague Convention's requirements because service is complete upon delivery to the U.S. subsidiary, and therefore does not present an "occasion to transmit a judicial or extrajudicial document for service abroad." *Volkswagenwerk Aktiengesellschaft*, 486 U.S. 694, 707-08 (1988); *see also* Hague Convention, art. 1. A foreign corporation may be served in a judicial district in the U.S. under FRCP 4(h)(1) by: (1) delivering the initiating papers to an officer, managing agent or other agent authorized to receive service; or (2) following the law of the state where either the district court is located or service is effected. Under CPLR 311, Personal Service Upon A Corporation, "Service shall be made by delivering the papers to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."

Thus, for all of the foregoing reasons, service on Cipla's subsidiary was proper. Nevertheless, for the avoidance of doubt, Byron can and will serve it via the Convention procedures by filing a form request for service abroad with the India Central Authority. https://www.usmarshals.gov/forms/usm94.pdf. The proposed motion to dismiss simply stalls the inevitable as service has been or will be timely made under all circumstances.

---

[1] On InvaGen's website, it prominently states: "In February 2016, Cipla Ltd., India's 3rd largest pharmaceutical company, completed the acquisition of InvaGen pharmaceuticals. This acquisition enabled Cipla Ltd. to further strengthen its commitment to serve patients in the U.S. as a 'top 15 generics firm' in terms of prescriptions dispensed." http://www.invagen.com.



November 16, 2016
Page Three


**Statute of Limitations**

Defendant's arguments regarding the statute of limitations on damages are inappropriate at the pleading stage and unsupported. Defendant's arguments are thinly veiled attempts to limit damages, which have not yet been specified in the complaint. These arguments are not properly before the court on a motion to dismiss or at the pleading stage and therefore, Defendant's request to move to dismiss on this basis should be denied. See *Morgan Stanley Mort. Loan Trust 2006-13ARX v. Morgan Stanley Mort. Capital Holdings LLC*, 2016 NY Slip Op 05781, at *4 (1st Dep't Aug. 11, 2016) (holding the court will not opine on the proper measure of damages available on a claim as the question should not be addressed on a motion to dismiss); *State v. Barclays Bank of New York, N.A.*, 151 A.D.2d 19, 546 N.Y.S.2d 479 (3d Dep't 1989) (observing that "[d]efendants' arguments that the evidence does not support punitive damages may be raised in a summary judgment motion * * * but they are not appropriate [on this] motion to dismiss").

For the above reasons, Byron respectfully requests that Defendant's request to file a motion to dismiss for ineffective service and to limit discovery as to damages for breach of contract on the basis of purported statutes of limitations be wholly denied.

Respectfully submitted,

**DLA Piper LLP (US)**

By: */s/ Timothy E. Hoeffner*
Timothy E. Hoeffner
Tomasita Sherer
1251 Avenue of the Americas
New York, New York 10020-1104
(212) 335-4841

*Attorneys for Plaintiff Byron Chemical Company, Inc.*

cc:    Ian M. Goldrich, Esq. (via e-mail)

TLS

FILED: QUEENS COUNTY CLERK 11/09/2016 11:09 AM
NYSCEF DOC. NO.
Case 1:16-cv-06201-KAM-PK Document 5 Filed 11/16/16 Page 4 of 6 PageID #: 41
INDEX NO. 712222/2016
RECEIVED NYSCEF: 11/09/2016
Job #: 1418099

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Attorney: DLA Piper US LLP - New York, NY
Address: 1251 Avenue Of The Americas New York, NY 10020

| | |
|---|---|
| BYRON CHEMICAL COMPANY, INC., | Index Number: 712222/2016 |
| | Client's File No.: |
| vs *Plaintiff* | Court Date: |
| CIPLA LIMITED, | Court Time: |
| *Defendant* | Date Filed: 10/13/2016 |

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:
Michael R. Delcore, being sworn says:

## AFFIDAVIT OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On 10/19/2016, at 4:04 PM at: **7 OSER AVENUE, HAUPPAUGE, NY 11788** Deponent served the within SUMMONS, COMPLAINT WITH EXHIBITS A-D ATTACHED AND NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING

On: CIPLA LIMITED C/O INVAGEN PHARMACEUTICALS, INC. , therein named.

Said documents were conformed with index number and date of filing endorsed thereon.

☒ **#1 Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to Debbie Ortiz personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said party and knew said individual to be Secretary thereof, authorized to accept on behalf.

☒ **#2 DESCRIPTION**
Sex: Female   Color of skin: White   Color of hair: Brown   Glasses: Yes
Age: 56   Height: 5ft 4inch - 5ft 8inch   Weight: 131-160 Lbs.   Other Features:

☐ **#3 WITNESS FEES**
Subpoena Fee Tendered in the amount of $

☐ **#4 OTHER**

Sworn to before me on 10/20/2016

ANN MARIE MELIA
NOTARY PUBLIC STATE OF NEW YORK
Registration No. 01ME4914451
Qualified in Nassau County
Commission Expires 12/14/2017

Michael R. Delcore
DCA License#

*Court Support, Inc., 181 Hillside Avenue, Williston Park, NY 11596 License #1382542*

**Sherer, Tomasita**

| | |
|---|---|
| **From:** | Reeman, Ellen |
| **Sent:** | Friday, October 21, 2016 9:30 AM |
| **To:** | Sherer, Tomasita |
| **Subject:** | FW: UPS Delivery Notification, Tracking Number 1ZE129496690851308 |

The summons and complaint were delivered to India.

**From:** UPS Quantum View [mailto:pkginfo@ups.com]
**Sent:** Friday, October 21, 2016 3:27 AM
**To:** Reeman, Ellen
**Subject:** UPS Delivery Notification, Tracking Number 1ZE129496690851308



**Your parcel has been delivered.**

| | |
|---|---|
| **Delivery Date:** | Friday, 21/10/2016 |
| **Delivery Time:** | 12:51 PM |

At the request of DLA PIPER LLP, this notice alerts you that the status of the shipment listed below has changed.

# Shipment Detail

| | |
|---|---|
| **Tracking Number:** | 1ZE129496690851308 |
| **Ship To:** | CIPLA, LTD<br>CIPLA, LTD<br>BELLASIS ROAD<br>MUMBAI, NONE 400008<br>IN |
| **UPS Service:** | UPS WORLDWIDE EXPRESS |
| **Number of Packages:** | 1 |
| **Weight:** | 0.3 LBS |
| **Delivery Location:** | GUARD |
| **Signed by:** | RUKSHNA |

1

| | |
|---|---|
| **Reference Number 1:** | 397337-000001 |
| **Reference Number 2:** | 37441 |
| **Reference Number 3:** | 6652000-0-004-8800 |

---

© 2016 United Parcel Service of America, Inc. UPS, the UPS brandmark, and the colour brown are trademarks of United Parcel Service of America, Inc. All rights reserved.

All trademarks, trade names, or service marks that appear in connection with UPS's services are the property of their respective owners.

Please do not reply directly to this email. UPS will not receive any reply message.
For more information on UPS's privacy practices, refer to the UPS Privacy Notice.
For questions or comments, visit Contact UPS.

This communication contains proprietary information and may be confidential. If you are not the intended recipient, the reading, copying, disclosure or other use of the contents of this email is strictly prohibited and you are instructed to please delete this email immediately.


**UPS Privacy Notice**

**Contact UPS**