UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------- X
BYRON CHEMICAL COMPANY, INC.,         :

        Plaintiff,                         :      INDEX NO. 16 CV 6201 (KAM) (PK)

  - v -                                :

CIPLA LIMITED,                        :

        Defendant.
------------------------------------- X

## CERTIFICATE OF SERVICE

I, Tomasita L. Sherer, an attorney admitted to practice in the State of New York and before this Court, under penalty of perjury, hereby certify that I, on March 20, 2017, in accordance with the Hague Convention, caused to be served on the persons listed below a true and correct copy of Plaintiff Byron Chemical Company, Inc.'s Summons and Complaint; Cipla Limited's Notice of Removal; the Civil Cover Sheet filed on ECF as Document 1-1; Byron's Rule 7.1 Disclosure Statement; a copy of Judge Kiyo A. Matsumoto's Practice Rules; and the EDNY's CM/ECF Rules.

        Cipla Limited
        289 Bellasis Road
        Bombay Central
        Mumbai 400 008 India

Service was completed, according to the report provided by the Government of India, Ministry of Law & Justice, Department of Legal Affairs, Judicial Section, by personal service of the papers by the Bailiff of the Court of Small Causes at Bombay on an authorized representative of Cipla, Mr. Ajit Paschurkar, at the above address on March 20, 2017.

EAST\144621860.1

I received notice that such service was effected by parcel post regular mail on June 12, 2017. A copy of the confirmation of service and report provided by the Government of India is attached hereto as **Exhibit 1**.

Service on Cipla was also previously completed on October 19, 2016, via its wholly-owned subsidiary, InvaGen Pharmaceuticals, Inc., in New York. A copy of the affidavit of service is attached hereto as **Exhibit 2**.[1]

Dated: New York, New York
June 13, 2017

Respectfully submitted,

By: _____
Tomasita L. Sherer
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York  10020
(212) 335-4500

*Attorneys for Plaintiff, Byron Chemical Company, Inc.*

---

[1] Although Plaintiff Byron Chemical Company, Inc. maintains that service via Hague Convention procedures were unnecessary in this case, for the avoidance of doubt and because Defendant claims insufficiency of service of process, Plaintiff obtained service as indicated herein. *See* FRCP 4(h)(1) (service is complete upon delivery to authorized representative); CPLR 311 (same); and *Volkswagenwerk Aktiengesellschaft*, 486 U.S. 694, 707-08 (1988) (service is complete upon delivery to U.S. subsidiary).