

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Timothy E. Hoeffner
timothy.hoeffner@dlapiper.com
T 212.335.4841
F 212.884.8551

September 25, 2017

**VIA ECF**

The Honorable Magistrate Judge Peggy Kuo
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Byron Chemical Company, Inc. v. Cipla Limited
Civil Action No. 16-cv-06201 (KAM)
**Motion for Ruling on Proposed Protective Order**

Dear Judge Kuo:

We represent Plaintiff, Byron Chemical Company, Inc. ("Byron"), in the above-referenced matter.

We write on behalf of the parties to request a ruling on the scope of the proposed protective order in this case. The thrust of the dispute relates to Cipla Limited's ("Cipla's") demand for a "Highly Confidential" or what is also known as "Attorneys' Eyes Only" designation. Byron maintains that the designation is unnecessary and would impair Byron's ability to prosecute the case. Cipla argues that it is necessary and refuses to simply rely on the confidential designation terms Byron has agreed to in the proposed order forwarded by Byron to Cipla. We have met and conferred with counsel for Cipla on several occasions hoping to reach agreement, however, have unfortunately reached an impasse. The inability to agree on these terms has caused unnecessary delay as Cipla has produced no documents to date.[1] Byron has thus offered to treat any documents that Cipla produces with a "Highly Confidential" designation in accordance with the terms proposed by Cipla, pending the Court's decision. As of this date, however, no such documents have been produced. We stand ready to produce documents responsive to Cipla's requests.

Attached as Exhibit A is Byron's proposed order (redlined, showing deletions of the "Highly Confidential" terms) and attached as Exhibit B is Cipla's counter-proposal (redlined, adding them back as well as other additional proposed language). Attached as Exhibit C is a clean version of Exhibit A, which Byron respectfully requests that this Honorable Court order as the operative protective order in the case. By its terms, it contains adequate protections for documents marked "Confidential," without unduly restricting Byron's ability to prepare its case. Exhibit C requires all such information obtained to be used only in connection with the case and provides a remedy for any misuse of such information. There is simply no need for a "Highly Confidential" designation.

---

[1] Similarly, despite numerous requests, Cipla has yet to provide witness deposition dates. While we understand that counsel for Cipla has recently changed law firms and has engaged additional lawyers, at this point we are concerned that there has been several months of unnecessary delay.

EAST\146729968.1

Honorable Magistrate Judge Peggy Kuo
September 25, 2017
Page Two

**Cipla's proposed protective order is unduly restrictive.**

By way of background, this case is relatively straightforward and involves a 3 page exclusive sales agreement for the sale of Indian manufactured pharmaceutical products in the United States.  Compl. Ex. A.  Byron served as Cipla's U.S. intermediary (sales and regulatory agent) during the contract period and Cipla was the manufacturer and supplier of "bulk drug substances."  *Id.* at ¶ 1.  Byron was entitled to 5% commission on all such sales within the United States.  *Id.* at ¶ 5.  At issue in this case is whether Byron received all commissions it was entitled to under the agreement.  Therefore, the discovery requested from Cipla is largely focused on obtaining information concerning the sales Cipla made in the United States during the operative contract period.  Cipla now says that this information is "Highly Confidential" and refuses to reveal the customer sales data to Byron's employees for use in this litigation.  Cipla has taken particular issue with providing customer names, stating that it would be a "roadmap" for Byron to compete with it.

An "attorneys' eyes only" limitation will only be ordered upon the demonstration of a "particular need."  *See, e.g., Diaz v. Local 338 of the Retail, Wholesale Dept. Store Union, United Food and Commercial Workers*, 2014 WL 4384712, *4 (E.D.N.Y. Sept. 3, 2014) (denying defendant's request to limit review of personnel files to "attorneys' eyes only.").  Good cause must be shown as to why an ordinary protective order permitting confidential treatment would not adequately protect the parties and this must be balanced against the interest of the plaintiff in gathering evidence to support its case.  *Id.* at *3-4.  Conclusory allegations are insufficient to warrant an "attorneys eyes only" limitation.  *Id.* at *4.  *See also Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy" [the test].).  Good cause requires "the moving party [to] demonstrate that 'disclosure will work a clearly defined and very serious injury.'" *Uniroyal Chem. Co. v. Syngenta Crop Prat.*, 224 F.R.D. 53, 56 (D. Conn. 2004) (internal citations omitted).  Indeed, in most cases, protective orders that limit access to certain documents to counsel and experts are commonly entered in litigation involving trade secrets and other confidential research, development, or commercial information.  *See, e.g.*, *Vesta Corset Co., Inc. v. Carmen Foundations, Inc.*, No. 97-CV-6139 (WHP), 1999 WL 13257, at *3 (S.D.N.Y. Jan 13, 1999) (citing cases).  No such information is at play here.

Cipla's arguments here are misplaced.  First, Byron is not a competitor of Cipla.  Byron is a sales and regulatory agent, who provides intermediary services to pharmaceutical companies, such as Cipla.  Byron does not manufacture bulk drug substances and so cannot in fact compete for sales against Cipla.  Second, the entire dispute centers around what was sold by Cipla in the U.S. during the contract period.  Cipla now wishes to hide this very information from Byron's employees, which would prevent Byron from preparing its case with its outside legal counsel.  Byron has already agreed to the remainder of the proposed protective order, which provides protection for confidential information.  There is no need for a second tier of "Highly Confidential" treatment.

"Whether information merits protection in a particular case depends upon: (1) the extent to which the information is known outside the business; (2) the extent to which information is known to those inside the business; (3) the measures taken to guard the secrecy of the information; and (4) the value of the information to the business and its competitors." *Uniroyal Chem. Co.*, 224 F.R.D. at 56-57.  Here, there is no "secret" proprietary or industry information to protect, but rather the specific sales information that is at issue in the case.  As to the argument that Cipla's customer names are "secret," it is actually incorrect.

Honorable Magistrate Judge Peggy Kuo
September 25, 2017
Page Three


As Cipla's U.S. agent for the U.S. Food & Drug Administration ("FDA"), Byron has access to what is known as "Establishment Registration" information, which includes a list of all of Cipla's U.S. importers. Therefore, theoretically, any one of those importers listed under Cipla's Establishment Registration information, could be Cipla's customers. Cipla's products aren't secret as either. Cipla's product list is publicly available on its website and as its U.S. agent for the FDA, Byron had access to Cipla's entire product list during the relevant period. Neither the customers, nor the products are in fact "secret."

"Where a party seeks a protective order restricting the scope of discovery of technical, proprietary information, the court should balance ... 'the interests in full disclosure of relevant information and reasonable protection from economic injury.'" *Uniroyal Chem. Corp.*, 224 F.R.D. at 57 (internal citations omitted). "The competing interests to be evaluated in determining the outcome of such a dispute are one party's right to broad discovery and the other party's ability to protect its confidential materials from misuse by competitors." *Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Research*, No. 15CV2044AJNRLE, 2016 WL 4618972, at *2–3 (S.D.N.Y. Sept. 2, 2016) (citations omitted). Here, the scales tip in favor of Byron's right to broad discovery as there is no risk that confidential materials will be misused by competitors or that economic injury will result. Indeed, the very purpose of disclosing this information is in order to prevent Byron's further economic injury due to Cipla's undisclosed sales, which Byron is entitled to commission on.

**Discovery forestalled.**

Although Byron sent its first set of document requests to Cipla in May 2017, fact discovery commenced on June 28, 2017, as per the initial scheduling order, ECF Document No. 24. Since that date, and nearly three months later, no documents have been produced, ostensibly due to the inability to agree on the protective order terms. While fact discovery is set to close on December 4, 2017, Byron has lost three months of time to prepare its case. Byron therefore respectfully requests prompt resolution of this issue so that it can move forward with discovery. In light of the foregoing, Byron hereby respectfully requests that this Honorable Court grant its motion ordering Exhibit C as the operative protective order in this case. Byron further requests that this Honorable Court order Cipla to provide dates for requested witness depositions and begin producing documents right away so that we can avoid unnecessary further delay.


Respectfully submitted,

/s Timothy Hoeffner


Timothy E. Hoeffner
Tomasita Sherer
1251 Avenue of the Americas
New York, New York 10020-1104
(212) 335-4841

*Attorneys for Plaintiff Byron Chemical Company, Inc.*