**EXHIBIT A**

Byron Draft 8/15/17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BYRON CHEMICAL COMPANY, INC.,

        Plaintiff,

           - against -

CIPLA LIMITED,

        Defendant.

Civil Action No. 1:16-cv-06201

## PROTECTIVE ORDER

The Court, having considered the parties' request for a Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby ORDERS AS FOLLOWS:

1.    The terms defined in this Section 1 and parenthetically elsewhere shall, throughout this Protective Order, have the meanings provided.  Defined terms may be used in the singular or plural.

    1.1    "Action" means the litigation captioned Byron Chemical Company, Inc. v. Cipla Limited, 16 CV 06201 (E.D.N.Y.).

    1.2    "Producing Party" means a party to the Action, or persons other than a party, including non-parties and non-party witnesses, that produce Confidential Information or Highly Confidential Information to the Receiving Party.

    1.3    "Receiving Party" means the party receiving or requesting production of Confidential Information or Highly Confidential Information from the Producing Party.

    1.4    "Confidential Information" means information (1) which the Producing Party believes in good faith to constitute confidential information of the Producing Party or confidential information of some third party which the Producing Party has in its

Formatted: zzmpTrailerItem
Formatted: Default Paragraph Font

possession, whether or not such information is recorded or embodied in any physical medium (i.e., a document, information contained in a document, equipment, information stored or displayed in electronic, magnetic or other mediums, information revealed during testimony, information revealed in interrogatory answers, or information revealed in any other way); and (2) which is designated as Confidential Information by the Producing Party in accordance with Sections 6 through 8 of this Protective Order.

~~1.5    "Highly Confidential Information" means information (1) which the Producing Party believes in good faith to constitute confidential information of the Producing Party, or confidential information of some third party which the Producing Party has in its possession; (2) that is so competitively sensitive that producing the information justifies imposing the requirement on the Receiving Party that only its counsel may review such information and that its testifying and consulting experts are subject to objection as specified herein, whether or not any such information is recorded or embodied in any physical medium (i.e., whether it is a document, information contained in a document, equipment, information stored or displayed in electronic, magnetic, or other medium, information revealed during the taking of testimony, information revealed in interrogatory answers, or information revealed in any other way); and (3) which is designated as Highly Confidential Information by the Producing Party in accordance with Sections 6 through 8 of this Protective order.~~

~~1.6~~1.5  "Litigation Documents" means all pleadings, motions, discovery responses, affidavits and related papers produced or exchanged in the course of the Action, or any settlement negotiations related to the Action and all transcripts of testimony given in depositions, in hearings, or at trial.

| Formatted: zzmpTrailerItem |
| Formatted: Line spacing:  Exactly 10 pt |
| Formatted: Default Paragraph Font |

1.71.6 "Termination" means the dismissal of the Action (whether through settlement or otherwise), or the entry of final judgment and expiration of all periods to appeal or seek judicial review of such judgment or dismissal.

2      All Confidential Information shall be used by the Receiving Party solely in connection with the prosecution and defense of the Action.  The Receiving Party shall copy Confidential Information only to the extent reasonably necessary to prosecute or defend the Action.  The Receiving Party shall not, directly or indirectly, in whole or in part reveal, disclose, or make available for inspection or copying any Confidential Information to any individual or entity, except:

2.1      The Court and its personnel and any Jury impaneled in the Action;

2.2      Court reporters, videographers, and outside translators while present at a deposition, hearing, or trial in the Action;

2.3      The Receiving Party's outside attorneys retained by or for the Receiving Party in connection with the Action, and the support staffs of those attorneys (including law clerks, legal assistants, secretaries, clerks, and copying service personnel who provide copying and related litigation services at the request of the outside attorneys) who have a need to know the Confidential Information in connection with maintaining or defending the Action;

2.4      The Receiving Party's in-house attorneys (if any) or the support staffs of those attorneys (including legal assistants, secretaries and clerks, and copying service personnel who provide copying and related litigation services at the request of the attorneys) who have a need to know the Confidential Information in connection with maintaining or defending the Action;

**Formatted:** zzmpTrailerItem

**Formatted:** Line spacing:  Exactly 10 pt

**Formatted:** Default Paragraph Font

2.5     Employees of the Receiving Party or other individuals representing the Receiving Party who have a need to know the Confidential Information in connection with maintaining or defending the Action and who have executed this Agreement or an agreement in the form of that attached hereto as Exhibit A before receiving Confidential Information;

2.6     Subject to Section 11 of this Protective Order, any testifying or consulting expert who (a) has executed an agreement in the form of that attached hereto as Exhibit A before receiving Confidential Information, and (b) is not employed or retained by a competitor of the Producing Party on a pharmaceutical project during the pendency of the Action and has no present intention to be employed or retained by a competitor of the Producing Party on a pharmaceutical project for a period of one year following termination of the Action.  Provided, however, that any testifying or consulting expert may use Confidential Information solely for purposes of the Action and for no other purposes;

2.7     Deposition witnesses and other testifying witnesses who either (a) were the author or a recipient of a document containing Confidential Information or (b) have executed an agreement in the form of that attached hereto as Exhibit A before receiving Confidential Information;

2.8     Any arbitrator or other mediator in connection with an arbitration or mediation of any issue raised in the Action, and such arbitrator's or mediator's support staff; and

2.9     Any other person authorized by written agreement of the Producing Party and the Receiving Party or by order of the Court to receive Confidential Information.

| Formatted: zzmpTrailerItem |
| Formatted: Line spacing:  Exactly 10 pt |
| Formatted: Default Paragraph Font |

3        All Highly Confidential Information shall be used by the Receiving Party solely in connection with the prosecution and defense of the Action.  In addition to the restrictions on use of "Confidential Information" described herein, the Receiving Party shall not disclose Highly Confidential Information to any employee or agent of that Party engaged in commercial activities regarding the sale of active pharmaceutical ingredients or the sale of formulated pharmaceutical products without express written permission from either the Producing Party or the Court.  Furthermore, the Receiving Party shall not, directly or indirectly, in whole or in part, reveal, disclose, or make available for inspection or copying any Highly Confidential Information to any individual or entity, except:

3.1        The Court and its personnel and any Jury impaneled in the Action;

3.2        Court reporters, videographers, and outside translators while present at a deposition, hearing, or trial in the Action;

3.3        The Receiving Party's outside attorneys retained by or for the Receiving Party in connection with the Action, and the support staffs of those attorneys (including law clerks, legal assistants, secretaries, and clerks, *but excluding* copying service personnel who provide copying and related litigation services at the request of the outside attorneys unless such personnel have executed an agreement in the form of that attached hereto as Exhibit A) who have a need to know the Highly Confidential Information as a result of assisting in discovery or in the preparation of the Action for trial;

3.4        The Receiving Party's in-house attorneys (if any) or the support staffs of those attorneys (including legal assistants, secretaries and clerks, *but excluding* copying service personnel who provide copying and related litigation services at the request of the

Formatted: zzmpTrailerItem

Formatted: Line spacing: Exactly 10 pt

Formatted: Default Paragraph Font

attorneys) who have a need to know the Highly Confidential Information as a result of assisting in discovery or in the preparation of the Action for trial;

3.5     Subject to Section 11 of this Protective Order, any testifying and consulting expert who (a) has executed an agreement in the form of that attached hereto as Exhibit A before receiving the Highly Confidential Information, and (b) is not employed or retained by a competitor of the Producing Party on a pharmaceutical project during the pendency of the Action and has no present intention to be employed or retained by a competitor of the Producing Party on a pharmaceutical project for a period of one year following termination of the Action.  Provided, however, that any testifying or consulting expert may use Highly Confidential Information solely for purposes of the Action and for no other purposes;

3.6     Deposition witnesses and other testifying witnesses who (a) were the author or a recipient of a document containing Highly Confidential Information and (b) have executed an agreement in the form of that attached hereto as Exhibit A before receiving Highly Confidential Information;

3.7     Any arbitrator or mediator in connection with an arbitration or mediation of any issue raised in the Action, and such arbitrator's or mediator's support staff; and

3.8     Any other person authorized by written agreement of the parties or by order of the Court to receive Highly Confidential Information.

~~4~~3     No person, other than the individuals described in Sections 2 ~~or 3~~, shall be permitted to attend any deposition during disclosure of Confidential Information, unless the parties agree or the Court orders otherwise.

| Formatted: zzmpTrailerItem |
| Formatted: Line spacing:  Exactly 10 pt |
| Formatted: Default Paragraph Font |

~~5       No person, other than the individuals described in Section 3, shall be permitted to attend any deposition, hearing or trial during disclosure of Highly Confidential Information, unless the parties agree or the Court orders otherwise.~~

6̶4̶̲̲   A Producing Party shall designate Confidential Information ~~or Highly Confidential Information~~ contained or embodied in a document by conspicuously marking the document as "Confidential Information," ~~or "Highly Confidential Information," as the case may be,~~ on the first page of the document and thereafter on each interior page containing or disclosing Confidential Information ~~or Highly Confidential Information~~.

7̶5̶̲̲   A Producing Party shall designate Confidential Information ~~or Highly Confidential Information~~ contained in a thing by conspicuously marking the thing as "Confidential Information," ~~or "Highly Confidential Information," as the case may be,~~ or otherwise by identifying the Confidential Information ~~or highly Confidential Information~~ in a separate writing such as a memo or letter.

8̶6̶̲̲   A Producing Party may designate Confidential Information ~~or Highly Confidential Information~~ disclosed during a deposition or hearing by:

8̶.̶1̶6̶.1̲  Indicating on the record at the deposition or hearing the specific part of the testimony (including the entire testimony given or to be given by a witness) and all or any part of any document or thing marked for identification that is Confidential Information ~~or Highly Confidential Information~~ and subject to the provisions of this Protective Order; or

8̶.̶2̶6̶.2̲  Notifying all Receiving Parties within the earlier of (a) twenty-one (21) days from the time the Producing Party receives a deposition or hearing transcript, or (b) thirty (30) days prior to the trial date, that the transcript contains Confidential Information

~~or Highly Confidential Information~~ and specifically identifying those portions (including a witness's entire testimony) that contain Confidential Information ~~or Highly Confidential Information~~.

8.~~3~~6.3  In the event of a designation pursuant to Section 8.2, nothing shall prevent a Receiving Party from using the testimony of an expert or consultant who relied in his or her analysis on Confidential Information ~~or Highly Confidential Information~~ provided that the expert viewed the Confidential Information ~~or Highly Confidential Information~~ prior to the Producing Party's designation pursuant to Section 8.2.

9~~7~~    A Receiving Party is not obligated to challenge the Producing Party's designation of Confidential Information ~~or Highly Confidential Information~~ at the time such a designation is made, and any failure to do so will not waive that party's right to request, at any time, that the Court determine whether the information satisfies the definitions of Confidential Information ~~or Highly Confidential Information~~ set forth at Sections 1.4 ~~and 1.5, respectively~~, or whether the information satisfies the applicable rules with respect to protected confidential information. Should a Receiving Party challenge a Producing Party's designation, the parties agree to attempt to resolve the dispute in good faith.  If the dispute cannot be resolved and the Receiving Party seeks relief from the Court, the Producing Party will bear the burden of proving that the designation satisfies both the substantive and procedural requirements set forth in this Protective Order as well as the applicable rules with respect to protected confidential information.

10~~8~~    In the event that a Producing Party inadvertently fails to designate Confidential Information ~~or Highly Confidential Information~~ when it is first produced or disclosed, that party may, at any time thereafter, designate the Confidential Information ~~or Highly Confidential Information~~ by producing the information with the new designation, stamped with the same

| Formatted: zzmpTrailerItem |
| Formatted: Line spacing:  Exactly 10 pt |
| Formatted: Default Paragraph Font |

Bates number as the information it is intended to replace.  Upon receipt of the newly designated

information, the Receiving Party will destroy all copies of the original.  The Receiving Party

shall not be in breach of this Protective Order for any disclosure made prior to receipt of such

notice which would otherwise have been authorized by this Order but for the subsequent

designation.

~~11~~9.   Prior to providing Confidential Information ~~or Highly Confidential Information~~ of

any Producing Party to a testifying expert, the Receiving Party shall notify the Producing Party

as to the identity of the testifying expert and shall provide the Producing Party a copy of the

testifying expert's *curriculum vitae*, unless the expert has been previously disclosed by the

Receiving Party under this Section 11.  The Producing Party shall serve the Receiving Party with

written objections to the testifying expert within (10) business days after receiving the notice.  If

no written objection is timely served, the Receiving Party may provide the Confidential

Information ~~or Highly Confidential Information~~ to the testifying expert according to the terms of

this Protective Order.  If the Producing Party timely serves its objections, the Receiving Party

shall not provide Confidential Information ~~or Highly Confidential Information~~ to the testifying

expert until all objections are resolved.  The Producing Party and the Receiving Party shall work

together in good faith to resolve any timely served objections concerning the testifying expert.  If

any such dispute cannot be resolved within ten (10) business days after the Producing Party

serves its objections, the Producing Party shall file a motion for a protective order to prohibit the

Receiving Party from providing Confidential Information ~~or Highly Confidential Information~~ to

the testifying expert.  If no motion for a protective order is timely served, the Receiving Party

may provide Confidential Information ~~or Highly Confidential Information~~ to the testifying expert

according to the terms of this Protective Order.

Formatted: zzmpTrailerItem

Formatted: Line spacing:  Exactly 10 pt

Formatted: Default Paragraph Font

12̶10   Any party may move the Court to amend this Protective order on five (5) business days' notice to all parties to the Action and the Producing Party that produced the information in question (or such shorter notice as the Court may require).  In any proceedings on such a motion, the prior existence of this Protective Order shall not affect the burden of persuasion that would rest upon any proponent of a protective provision.  The Court, on its own motion, may amend this Protective Order.

13̶11   Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering legal advice to his or her client with respect to this litigation and referring generally to Confidential Information o̶r̶ H̶i̶g̶h̶l̶y̶ C̶o̶n̶f̶i̶d̶e̶n̶t̶i̶a̶l̶ I̶n̶f̶o̶r̶m̶a̶t̶i̶o̶n̶ or relying upon the attorney's own examination of Confidential Information o̶r̶ H̶i̶g̶h̶l̶y̶ C̶o̶n̶f̶i̶d̶e̶n̶t̶i̶a̶l̶ I̶n̶f̶o̶r̶m̶a̶t̶i̶o̶n̶.

14̶12   If any Receiving Party is required by law to disclose some portion of the Confidential Information o̶r̶ H̶i̶g̶h̶l̶y̶ C̶o̶n̶f̶i̶d̶e̶n̶t̶i̶a̶l̶ I̶n̶f̶o̶r̶m̶a̶t̶i̶o̶n̶ other than as permitted by this Protective Order:

14̶.̶1̶12.1   The Receiving Party will inform the Producing Party who originally disclosed such Confidential Information o̶r̶ H̶i̶g̶h̶l̶y̶ C̶o̶n̶f̶i̶d̶e̶n̶t̶i̶a̶l̶ I̶n̶f̶o̶r̶m̶a̶t̶i̶o̶n̶ of the requirement as soon as practicable after receiving notice of the requirement.  The Receiving Party will further inform the Producing Party which Confidential Information o̶r̶ H̶i̶g̶h̶l̶y̶ C̶o̶n̶f̶i̶d̶e̶n̶t̶i̶a̶l̶ I̶n̶f̶o̶r̶m̶a̶t̶i̶o̶n̶ it is required to disclose.

14̶.̶2̶12.2   The Receiving Party shall inform the requiring entity of the Receiving Party's obligations set forth in this Protective Order.

14̶.̶3̶12.3   The Producing Party may seek a Protective Order with confidentiality provisions identical to this Protective Order.  The Receiving Party shall

**Formatted:** zzmpTrailerItem
**Formatted:** Line spacing: Exactly 10 pt
**Formatted:** Default Paragraph Font

not oppose the Producing Party's attempts to obtain the Protective Order in any fashion, including assisting any third party in opposing the entry of such Protective Order.

14.3.1 12.3.1   If the Producing Party elects to seek a Protective Order under the above Section 14.3, it shall notify the Receiving Party within the earlier of (a) twenty (20) days after the Receiving Party sends its notice or (b) two (2) business days before the deadline for complying with the requirement but after the Receiving Party sends its notice.

14.3.2 12.3.2   If the Producing Party elects not to seek a Protective Order, or if the Receiving Party receives no notice under the above Section 14.3.1 within the time established in Section 14.3.1 of this Protective Order, the Receiving Party shall have the right to disclose the required Confidential Information or Highly Confidential Information.

14.3.3 12.3.3   If the Producing Party is unable to obtain a Protective Order satisfactory to the Producing Party after exhausting all applications for writs of mandamus and all interlocutory appeals form from the denial of such a Protective Order, the Receiving Party shall have the right to disclose the required Confidential Information or Highly Confidential Information.

15 13   The restrictions of the Protective Order shall not apply to, and this Order shall not be construed to prevent, any Receiving Party from making use of or disclosing information that:

15.1 13.1       Was lawfully in its possession prior to receipt of such information from a Producing Party, as shown by its written records dated prior to the Producing Party's disclosure;

Formatted: zzmpTrailerItem
Formatted: Line spacing:  Exactly 10 pt
Formatted: Default Paragraph Font

15.213.2      Appears in any published material available to the Producing Party's trade or business, available to the public, or otherwise becomes available within the public domain, other than as a consequence of the Receiving Party's breach of any obligation not to disclose the information; or

15.313.3      It lawfully obtains subsequent to the Producing Party's disclosure, without obligation of confidence, from a source or sources other than the Producing Party;

regardless of whether the same has been designated as Confidential Information or Highly Confidential Information.

1614  This Protective Order shall not be construed as a waiver by the parties of any objection which might be raised as to the admissibility of any evidence.  This Protective Order shall be without prejudice to the rights of any person to oppose production of any information on any proper ground.

1715  All Litigation Documents filed with the Court and designated by either party as containing Confidential Information or Highly Confidential Information or referring to any previously designated Confidential Information or Highly Confidential Information shall be marked as containing "Confidential Information." or "Highly Confidential Information."  The party filing any such Litigation Document shall move the Court to file the document under seal.

1816  Except as filed with the Court in accordance with this Order, all documents and things designated as Confidential Information or Highly Confidential Information shall be maintained at all times in the custody of individuals described in Sections 2 or 3, respectively.  Within sixty (60) days after Termination of the Action, the original and all copies of each document and thing produced to a Receiving Party, or given to any other person pursuant to this

Formatted: zzmpTrailerItem
Formatted: Line spacing: Exactly 10 pt
Formatted: Default Paragraph Font

Protective Order, which contains Confidential Information or Highly Confidential Information shall be destroyed. Notwithstanding the foregoing: (1) nothing in this Section shall require the destruction of information that resides on server backup tapes and other similar archival records that are generally inaccessible without engaging in affirmative steps to restore such documents as long as such computer archives were made during the ordinary course of business; (2) attorney work product, attorney client communications, and information derived from documents designated by another party or nonparty as Confidential Information or Highly Confidential Information may be retained by the Receiving Party (if authorized to view them) and counsel for the Receiving Party (if authorized to view them); and (3) counsel for the Receiving Party may retain one copy of any notes, memoranda, or other documents that contain excerpts of Confidential Information or Highly Confidential Information. Testifying and consulting experts may not retain (a) documents designated by another party or nonparty as Confidential Information or Highly Confidential Information, (b) attorney work product, attorney client communications, and information derived from documents designated by another party or nonparty as Confidential Information or Highly Confidential Information, or (c) notes, memoranda, or other documents that contain excerpts of Confidential Information or Highly Confidential Information designated by another party or nonparty, including without limitation copies of their expert reports, if any. Upon completion of destruction, counsel for the Receiving Party shall promptly certify the destruction in writing to the Producing Party.

19 17 If a Producing Party through inadvertence produces or provides documents or information that it believes is subject to a claim of attorney-client privilege or the work product doctrine, the Producing Party shall give written notice to the Receiving Party that the documents or information is subject to such a claim and request that the documents or information be

Formatted: zzmpTrailerItem
Formatted: Line spacing: Exactly 10 pt
Formatted: Default Paragraph Font

returned.  The Receiving Party immediately shall return the documents or information to the Producing Party.  Immediate return of the documents or information by the Receiving Party shall not constitute an admission, waiver, or concession, or otherwise permit any inference, that the returned documents or information are, in fact, properly subject to a claim of attorney-client privilege or the work product doctrine.  The Receiving Party may move the Court for an order that such returned documents or information have been improperly designated as subject to the attorney-client privilege or work product doctrine and should be produced for reasons other than a waiver caused by the inadvertent production.  With respect to any document, the procedures set forth in this paragraph shall apply only to the first instance in which that document is inadvertently produced.

2018 Insofar as its provisions restrict the use or disclosure of any Confidential Information or Highly Confidential Information, this Protective Order shall remain binding after Termination of the Action, and the Court shall retain jurisdiction of all personas persons and parties bound by this Protective Order.

2119 Nothing in this Order shall affect the admissibility into evidence of Confidential Information or Highly Confidential Information.

SO ORDERED this _____ day of _____, 2017.

_____

UNITED STATES DISTRICT JUDGE

| Formatted: zzmpTrailerItem |
| Formatted: Line spacing:  Exactly 10 pt |
| Formatted: Default Paragraph Font |

## EXHIBIT A

### AGREEMENT CONCERNING INFORMATION COVERED BY
### A PROTECTIVE ORDER ENTERED IN THE
### UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF NEW YORK

      The undersigned hereby acknowledges that he/she has read the Agreed Protective Order (the "Protective Order") entered in *Byron Chemical Company, Inc. v. Cipla Limited*, Case No. 16-CV-06201 pending in the United States District Court for the Eastern District of New York, and understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information or Highly Confidential Information made available to him/her other than in accordance with the Protective Order.

DATED this ____day of _____, 201__.

By: _____

_____
(Type or print name of individual)

Formatted: zzmpTrailerItem

Formatted: Line spacing. Exactly 10 pt

Formatted: Default Paragraph Font

**EXHIBIT B**

**KLG Draft 9/14/17** ............................................................. ⌐ Formatted: Font: Bold

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BYRON CHEMICAL COMPANY, INC.,

        Plaintiff,

           - against -

CIPLA LIMITED,

        Defendant.

Civil Action No. 1:16-cv-06201

## PROTECTIVE ORDER

The Court, having considered the parties' request for a Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby ORDERS AS FOLLOWS:

1.    The terms defined in this Section 1 and parenthetically elsewhere shall, throughout this Protective Order, have the meanings provided. Defined terms may be used in the singular or plural.

    1.1    "Action" means the litigation captioned Byron Chemical Company, Inc. v. Cipla Limited, 16 CV 06201 (E.D.N.Y.).

    1.2    "Producing Party" means a party to the Action, or persons other than a party, including non-parties and non-party witnesses, that produce Confidential Information or Highly Confidential Information to the Receiving Party.

    1.3    "Receiving Party" means the party receiving or requesting production of Confidential Information or Highly Confidential Information from the Producing Party.

    1.4    "Confidential Information" means information (1) which the Producing Party believes in good faith to constitute confidential information of the Producing Party or confidential information of some third party which the Producing Party has in its

possession, whether or not such information is recorded or embodied in any physical medium (i.e., a document, information contained in a document, equipment, information stored or displayed in electronic, magnetic or other mediums, information revealed during testimony, information revealed in interrogatory answers, or information revealed in any other way); and (2) which is designated as Confidential Information by the Producing Party in accordance with Sections 6 through 8 of this Protective Order.

     1.5   "Highly Confidential Information" means information (1) which the Producing Party believes in good faith to constitute confidential information of the Producing Party, or confidential information of some third party which the Producing Party has in its possession; (2) that is so competitively sensitive that producing the information justifies imposing the requirement on the Receiving Party that only its counsel may review such information and that its testifying and consulting experts are subject to objection as specified herein, whether or not any such information is recorded or embodied in any physical medium (*i.e.*, whether it is a document, information contained in a document, equipment, information stored or displayed in electronic, magnetic, or other medium, information revealed during the taking of testimony, information revealed in interrogatory answers, or information revealed in any other way); and (3) which is designated as Highly Confidential Information by the Producing Party in accordance with Sections 6 through 8 of this Protective order.

     1.6   "Litigation Documents" means all pleadings, motions, discovery responses, affidavits and related papers produced or exchanged in the course of the Action, or any settlement negotiations related to the Action and all transcripts of testimony given in depositions, in hearings, or at trial.

1.7    "Termination" means the dismissal of the Action (whether through settlement or otherwise), or the entry of final judgment and expiration of all periods to appeal or seek judicial review of such judgment or dismissal.

2      All Confidential Information shall be used by the Receiving Party solely in connection with the prosecution and defense of the Action.  The Receiving Party shall copy Confidential Information only to the extent reasonably necessary to prosecute or defend the Action.  The Receiving Party shall not, directly or indirectly, in whole or in part reveal, disclose, or make available for inspection or copying any Confidential Information to any individual or entity, except:

2.1    The Court and its personnel and any Jury impaneled in the Action;

2.2    Court reporters, videographers, and outside translators while present at a deposition, hearing, or trial in the Action;

2.3    The Receiving Party's outside attorneys retained by or for the Receiving Party in connection with the Action, and the support staffs of those attorneys (including law clerks, legal assistants, secretaries, clerks, and copying service personnel who provide copying and related litigation services at the request of the outside attorneys) who have a need to know the Confidential Information in connection with maintaining or defending the Action;

2.4    The Receiving Party's in-house attorneys (if any) or the support staffs of those attorneys (including legal assistants, secretaries and clerks, and copying service personnel who provide copying and related litigation services at the request of the attorneys) who have a need to know the Confidential Information in connection with maintaining or defending the Action;

2.5     Employees of the Receiving Party or other individuals representing the Receiving Party who have a need to know the Confidential Information in connection with maintaining or defending the Action and who have executed this Agreement or an agreement in the form of that attached hereto as Exhibit A before receiving Confidential Information;

2.6     Subject to Section 11 of this Protective Order, any testifying or consulting expert who (a) has executed an agreement in the form of that attached hereto as Exhibit A before receiving Confidential Information, and (b) is not employed or retained by a competitor of the Producing Party on a pharmaceutical project during the pendency of the Action and has no present intention to be employed or retained by a competitor of the Producing Party on a pharmaceutical project for a period of one year following termination of the Action.  Provided, however, that any testifying or consulting expert may use Confidential Information solely for purposes of the Action and for no other purposes;

2.7     Deposition witnesses and other testifying witnesses who either (a) were the author or a recipient of a document containing Confidential Information or (b) have executed an agreement in the form of that attached hereto as Exhibit A before receiving Confidential Information;

2.8     Any arbitrator or other mediator in connection with an arbitration or mediation of any issue raised in the Action, and such arbitrator's or mediator's support staff; and

2.9     Any other person authorized by written agreement of the Producing Party and the Receiving Party or by order of the Court to receive Confidential Information.

3      All Highly Confidential Information shall be used by the Receiving Party solely in connection with the prosecution and defense of the Action.  In addition to the restrictions on use of "Confidential Information" described herein, the Receiving Party shall not disclose Highly Confidential Information to any employee or agent of that Party engaged in commercial activities regarding the sale of active pharmaceutical ingredients or the sale of formulated pharmaceutical products without express written permission from either the Producing Party or the Court.  Furthermore, the Receiving Party shall not, directly or indirectly, in whole or in part, reveal, disclose, or make available for inspection or copying any Highly Confidential Information to any individual or entity, except:

3.1      The Court and its personnel and any Jury impaneled in the Action;

3.2      Court reporters, videographers, and outside translators while present at a deposition, hearing, or trial in the Action;

3.3      The Receiving Party's outside attorneys retained by or for the Receiving Party in connection with the Action, and the support staffs of those attorneys (including law clerks, legal assistants, secretaries, and clerks, *but excluding* copying service personnel who provide copying and related litigation services at the request of the outside attorneys unless such personnel have executed an agreement in the form of that attached hereto as Exhibit A) who have a need to know the Highly Confidential Information as a result of assisting in discovery or in the preparation of the Action for trial;

3.4      The Receiving Party's in-house attorneys (if any) or the support staffs of those attorneys (including legal assistants, secretaries and clerks, *but excluding* copying service personnel who provide copying and related litigation services at the request of the

attorneys) who have a need to know the Highly Confidential Information as a result of assisting in discovery or in the preparation of the Action for trial;

       3.5    Subject to Section 11 of this Protective Order, any testifying and consulting expert who (a) has executed an agreement in the form of that attached hereto as Exhibit A before receiving the Highly Confidential Information, and (b) is not employed or retained by a competitor of the Producing Party on a pharmaceutical project during the pendency of the Action and has no present intention to be employed or retained by a competitor of the Producing Party on a pharmaceutical project for a period of one year following termination of the Action.  Provided, however, that any testifying or consulting expert may use Highly Confidential Information solely for purposes of the Action and for no other purposes;

       3.6    Deposition witnesses and other testifying witnesses who (a) were the author or a recipient of a document containing Highly Confidential Information and (b) have executed an agreement in the form of that attached hereto as Exhibit A before receiving Highly Confidential Information;

       3.7    Any arbitrator or mediator in connection with an arbitration or mediation of any issue raised in the Action, and such arbitrator's or mediator's support staff; and

       3.8    Any other person authorized by written agreement of the parties or by order of the Court to receive Highly Confidential Information.

       4    No person, other than the individuals described in Sections 2 or 3, shall be permitted to attend any deposition during disclosure of Confidential Information, unless the parties agree or the Court orders otherwise.

5      No person, other than the individuals described in Section 3, shall be permitted to attend any deposition, hearing or trial during disclosure of Highly Confidential Information, unless the parties agree or the Court orders otherwise.

6      A Producing Party shall designate Confidential Information or Highly Confidential Information contained or embodied in a document by conspicuously marking the document as "Confidential Information" or "Highly Confidential Information," as the case may be, on the first page of the document and thereafter on each interior page containing or disclosing Confidential Information or Highly Confidential Information.

7      A Producing Party shall designate Confidential Information or Highly Confidential Information contained in a thing by conspicuously marking the thing as "Confidential Information" or "Highly Confidential Information," as the case may be, or otherwise by identifying the Confidential Information or highly Confidential Information in a separate writing such as a memo or letter.

8      A Producing Party may designate Confidential Information or Highly Confidential Information disclosed during a deposition or hearing by:

8.1      Indicating on the record at the deposition or hearing the specific part of the testimony (including the entire testimony given or to be given by a witness) and all or any part of any document or thing marked for identification that is Confidential Information or Highly Confidential Information and subject to the provisions of this Protective Order; or

8.2      Notifying all Receiving Parties within the earlier of (a) twenty-one (21) days from the time the Producing Party receives a deposition or hearing transcript, or (b) thirty (30) days prior to the trial date, that the transcript contains Confidential Information

or Highly Confidential Information and specifically identifying those portions (including a witness's entire testimony) that contain Confidential Information or Highly Confidential Information.

8.3     In the event of a designation pursuant to Section 8.2, nothing shall prevent a Receiving Party from using the testimony of an expert or consultant who relied in his or her analysis on Confidential Information or Highly Confidential Information provided that the expert viewed the Confidential Information or Highly Confidential Information prior to the Producing Party's designation pursuant to Section 8.2

9     A Receiving Party is not obligated to challenge the Producing Party's designation of Confidential Information or Highly Confidential Information at the time such a designation is made, and any failure to do so will not waive that party's right to request, at any time, that the Court determine whether the information satisfies the definitions of Confidential Information or Highly Confidential Information set forth at Sections 1.4 and 1.5, respectively, or whether the information satisfies the applicable rules with respect to protected confidential information. Should a Receiving Party challenge a Producing Party's designation, the parties agree to attempt to resolve the dispute in good faith, including exploring whether removal of the designation is possible upon partial redaction of the content.  If the dispute cannot be resolved and the Receiving Party seeks relief from the Court, the Producing Party will bear the burden of proving that the designation satisfies both the substantive and procedural requirements set forth in this Protective Order as well as the applicable rules with respect to protected confidential information.

10     In the event that a Producing Party inadvertently fails to designate Confidential Information or Highly Confidential Information when it is first produced or disclosed, that party

may, at any time thereafter, designate the Confidential Information or Highly Confidential Information by producing the information with the new designation, stamped with the same Bates number as the information it is intended to replace.  Upon receipt of the newly designated information, the Receiving Party will destroy all copies of the original.  The Receiving Party shall not be in breach of this Protective Order for any disclosure made prior to receipt of such notice which would otherwise have been authorized by this Order but for the subsequent designation.

11      Prior to providing Confidential Information or Highly Confidential Information of any Producing Party to a testifying expert, the Receiving Party shall notify the Producing Party as to the identity of the testifying expert and shall provide the Producing Party a copy of the testifying expert's *curriculum vitae*, unless the expert has been previously disclosed by the Receiving Party under this Section 11. The Producing Party shall serve the Receiving Party with written objections to the testifying expert within (10) business days after receiving the notice.  If no written objection is timely served, the Receiving Party may provide the Confidential Information or Highly Confidential Information to the testifying expert according to the terms of this Protective Order.  If the Producing Party timely serves its objections, the Receiving Party shall not provide Confidential Information or Highly Confidential Information to the testifying expert until all objections are resolved.  The Producing Party and the Receiving Party shall work together in good faith to resolve any timely served objections concerning the testifying expert.  If any such dispute cannot be resolved within ten (10) business days after the Producing Party serves its objections, the Producing Party shall file a motion for a protective order to prohibit the Receiving Party from providing Confidential Information or Highly Confidential Information to the testifying expert.  If no motion for a protective order is timely served, the Receiving Party

may provide Confidential Information or Highly Confidential Information to the testifying expert according to the terms of this Protective Order.

12    Any party may move the Court to amend this Protective order on five (5) business days' notice to all parties to the Action and the Producing Party that produced the information in question (or such shorter notice as the Court may require).  In any proceedings on such a motion, the prior existence of this Protective Order shall not affect the burden of persuasion that would rest upon any proponent of a protective provision.  The Court, on its own motion, may amend this Protective Order.

13    Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering legal advice to his or her client with respect to this litigation and referring generally to Confidential Information or Highly Confidential Information or relying upon the attorney's own examination of Confidential Information or Highly Confidential Information.

14    If any Receiving Party is required by law to disclose some portion of the Confidential Information or Highly Confidential Information other than as permitted by this Protective Order:

14.1    The Receiving Party will inform the Producing Party who originally disclosed such Confidential Information or Highly Confidential Information of the requirement as soon as practicable after receiving notice of the requirement.  The Receiving Party will further inform the Producing Party which Confidential Information or Highly Confidential Information it is required to disclose.

14.2    The Receiving Party shall inform the requiring entity of the Receiving Party's obligations set forth in this Protective Order.

14.3    The Producing Party may seek a Protective Order with confidentiality provisions identical to this Protective Order.  The Receiving Party shall not oppose the Producing Party's attempts to obtain the Protective Order in any fashion, including assisting any third party in opposing the entry of such Protective Order.

14.3.1 If the Producing Party elects to seek a Protective Order under the above Section 14.3, it shall notify the Receiving Party within the earlier of (a) twenty (20) days after the Receiving Party sends its notice or (b) two (2) business days before the deadline for complying with the requirement but after the Receiving Party sends its notice.

14.3.2 If the Producing Party elects not to seek a Protective Order, or if the Receiving Party receives no notice under the above Section 14.3.1 within the time established in Section 14.3.1 of this Protective Order, the Receiving Party shall have the right to disclose the required Confidential Information or Highly Confidential Information.

14.3.3 If the Producing Party is unable to obtain a Protective Order satisfactory to the Producing Party after exhausting all applications for writs of mandamus and all interlocutory appeals form the denial of such a Protective Order, the Receiving Party shall have the right to disclose the required Confidential Information or Highly Confidential Information.

15    The restrictions of the Protective Order shall not apply to, and this Order shall not be construed to prevent, any Receiving Party from making use of or disclosing information that:

500665257 v111

15.1    Was lawfully in its possession prior to receipt of such information from a Producing Party, as shown by its written records dated prior to the Producing Party's disclosure;

15.2    Appears in any published material available to the Producing Party's trade or business, available to the public, or otherwise becomes available within the public domain, other than as a consequence of the Receiving Party's breach of any obligation not to disclose the information; or

15.3    It lawfully obtains subsequent to the Producing Party's disclosure, without obligation of confidence, from a source or sources other than the Producing Party;

regardless of whether the same has been designated as Confidential Information or Highly Confidential Information.

16    This Protective Order shall not be construed as a waiver by the parties of any objection which might be raised as to the admissibility of any evidence.  This Protective Order shall be without prejudice to the rights of any person to oppose production of any information on any proper ground.

17    All Litigation Documents filed with the Court and designated by either party as containing Confidential Information or Highly Confidential Information or referring to any previously designated Confidential Information or Highly Confidential Information shall be marked as containing "Confidential Information" or "Highly Confidential Information."  The party filing any such Litigation Document shall move the Court to file the document under seal.

18    Except as filed with the Court in accordance with this Order, all documents and things designated as Confidential Information or Highly Confidential Information shall be maintained at all times in the custody of individuals described in Sections 2 or 3, respectively.

500665257 v112

Within sixty (60) days after Termination of the Action, the original and all copies of each document and thing produced to a Receiving Party, or given to any other person pursuant to this Protective Order, which contains Confidential Information or Highly Confidential Information shall be destroyed. Notwithstanding the foregoing: (1) nothing in this Section shall require the destruction of information that resides on server backup tapes and other similar archival records that are generally inaccessible without engaging in affirmative steps to restore such documents as long as such computer archives were made during the ordinary course of business; (2) attorney work product, attorney client communications, and information derived from documents designated by another party or nonparty as Confidential Information or Highly Confidential Information may be retained by the Receiving Party (if authorized to view them) and counsel for the Receiving Party (if authorized to view them); and (3) counsel for the Receiving Party may retain one copy of any notes, memoranda, or other documents that contain excerpts of Confidential Information or Highly Confidential Information. Testifying and consulting experts may not retain (a) documents designated by another party or nonparty as Confidential Information or Highly Confidential Information, (b) attorney work product, attorney client communications, and information derived from documents designated by another party or nonparty as Confidential Information or Highly Confidential Information, or (c) notes, memoranda, or other documents that contain excerpts of Confidential Information or Highly Confidential Information designated by another party or nonparty, including without limitation copies of their expert reports, if any. Upon completion of destruction, counsel for the Receiving Party shall promptly certify the destruction in writing to the Producing Party.

19    If a Producing Party through inadvertence produces or provides documents or information that it believes is subject to a claim of attorney-client privilege or the work product

doctrine, the Producing Party shall give written notice to the Receiving Party that the documents or information is subject to such a claim and request that the documents or information be returned.  The Receiving Party immediately shall return the documents or information to the Producing Party.  Immediate return of the documents or information by the Receiving Party shall not constitute an admission, waiver, or concession, or otherwise permit any inference, that the returned documents or information are, in fact, properly subject to a claim of attorney-client privilege or the work product doctrine.  The Receiving Party may move the Court for an order that such returned documents or information have been improperly designated as subject to the attorney-client privilege or work product doctrine and should be produced for reasons other than a waiver caused by the inadvertent production.  With respect to any document, the procedures set forth in this paragraph shall apply only to the first instance in which that document is inadvertently produced.

19 20  The production of privileged or work-product protected documents, electronically-stored information or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically-stored inforamtion or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

20 21  Insofar as its provisions restrict the use or disclosure of any Confidential Information or Highly Confidential Information, this Protective Order shall remain binding after

500665257 v114

Termination of the Action, and the Court shall retain jurisdiction of all personas and parties bound by this Protective Order.

21.22.  Nothing in this Order shall affect the admissibility into evidence of Confidential Information or Highly Confidential Information.

SO ORDERED this _____ day of _____, 2017.

_____

UNITED STATES DISTRICT JUDGE

## EXHIBIT A

**AGREEMENT CONCERNING INFORMATION COVERED BY
A PROTECTIVE ORDER ENTERED IN THE
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order (the "Protective Order") entered in *Byron Chemical Company, Inc. v. Cipla Limited*, Case No. 16-CV-06201 pending in the United States District Court for the Eastern District of New York, and understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information or Highly Confidential Information made available to him/her other than in accordance with the Protective Order.

DATED this _____ day of _____, 201__.

By: _____

_____
(Type or print name of individual)

500665257 v116

**EXHIBIT C**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BYRON CHEMICAL COMPANY, INC.,

      Plaintiff,

        - against -

CIPLA LIMITED,

      Defendant.

Civil Action No. 1:16-cv-06201

## PROTECTIVE ORDER

The Court, having considered the parties' request for a Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby ORDERS AS FOLLOWS:

1.    The terms defined in this Section 1 and parenthetically elsewhere shall, throughout this Protective Order, have the meanings provided. Defined terms may be used in the singular or plural.

    1.1    "Action" means the litigation captioned Byron Chemical Company, Inc. v. Cipla Limited, 16 CV 06201 (E.D.N.Y.).

    1.2    "Producing Party" means a party to the Action, or persons other than a party, including non-parties and non-party witnesses, that produce Confidential Information to the Receiving Party.

    1.3    "Receiving Party" means the party receiving or requesting production of Confidential Information from the Producing Party.

    1.4    "Confidential Information" means information (1) which the Producing Party believes in good faith to constitute confidential information of the Producing Party or confidential information of some third party which the Producing Party has in its

possession, whether or not such information is recorded or embodied in any physical medium (i.e., a document, information contained in a document, equipment, information stored or displayed in electronic, magnetic or other mediums, information revealed during testimony, information revealed in interrogatory answers, or information revealed in any other way); and (2) which is designated as Confidential Information by the Producing Party in accordance with Sections 6 through 8 of this Protective Order.

      1.5    "Litigation Documents" means all pleadings, motions, discovery responses, affidavits and related papers produced or exchanged in the course of the Action, or any settlement negotiations related to the Action and all transcripts of testimony given in depositions, in hearings, or at trial.

      1.6    "Termination" means the dismissal of the Action (whether through settlement or otherwise), or the entry of final judgment and expiration of all periods to appeal or seek judicial review of such judgment or dismissal.

      2    All Confidential Information shall be used by the Receiving Party solely in connection with the prosecution and defense of the Action. The Receiving Party shall copy Confidential Information only to the extent reasonably necessary to prosecute or defend the Action. The Receiving Party shall not, directly or indirectly, in whole or in part reveal, disclose, or make available for inspection or copying any Confidential Information to any individual or entity, except:

      2.1    The Court and its personnel and any Jury impaneled in the Action;

      2.2    Court reporters, videographers, and outside translators while present at a deposition, hearing, or trial in the Action;

2

2.3     The Receiving Party's outside attorneys retained by or for the Receiving Party in connection with the Action, and the support staffs of those attorneys (including law clerks, legal assistants, secretaries, clerks, and copying service personnel who provide copying and related litigation services at the request of the outside attorneys) who have a need to know the Confidential Information in connection with maintaining or defending the Action;

2.4     The Receiving Party's in-house attorneys (if any) or the support staffs of those attorneys (including legal assistants, secretaries and clerks, and copying service personnel who provide copying and related litigation services at the request of the attorneys) who have a need to know the Confidential Information in connection with maintaining or defending the Action;

2.5     Employees of the Receiving Party or other individuals representing the Receiving Party who have a need to know the Confidential Information in connection with maintaining or defending the Action and who have executed this Agreement or an agreement in the form of that attached hereto as Exhibit A before receiving Confidential Information;

2.6     Subject to Section 11 of this Protective Order, any testifying or consulting expert who (a) has executed an agreement in the form of that attached hereto as Exhibit A before receiving Confidential Information, and (b) is not employed or retained by a competitor of the Producing Party on a pharmaceutical project during the pendency of the Action and has no present intention to be employed or retained by a competitor of the Producing Party on a pharmaceutical project for a period of one year following termination of the Action.  Provided, however, that any testifying or consulting expert

may use Confidential Information solely for purposes of the Action and for no other purposes;

2.7     Deposition witnesses and other testifying witnesses who either (a) were the author or a recipient of a document containing Confidential Information or (b) have executed an agreement in the form of that attached hereto as Exhibit A before receiving Confidential Information;

2.8     Any arbitrator or other mediator in connection with an arbitration or mediation of any issue raised in the Action, and such arbitrator's or mediator's support staff; and

2.9     Any other person authorized by written agreement of the Producing Party and the Receiving Party or by order of the Court to receive Confidential Information.

3     No person, other than the individuals described in Section 2, shall be permitted to attend any deposition during disclosure of Confidential Information, unless the parties agree or the Court orders otherwise.

4     A Producing Party shall designate Confidential Information contained or embodied in a document by conspicuously marking the document as "Confidential Information," on the first page of the document and thereafter on each interior page containing or disclosing Confidential Information.

5     A Producing Party shall designate Confidential Information contained in a thing by conspicuously marking the thing as "Confidential Information," or otherwise by identifying the Confidential Information in a separate writing such as a memo or letter.

6     A Producing Party may designate Confidential Information disclosed during a deposition or hearing by:

4

6.1     Indicating on the record at the deposition or hearing the specific part of the testimony (including the entire testimony given or to be given by a witness) and all or any part of any document or thing marked for identification that is Confidential Information and subject to the provisions of this Protective Order; or

6.2     Notifying all Receiving Parties within the earlier of (a) twenty-one (21) days from the time the Producing Party receives a deposition or hearing transcript, or (b) thirty (30) days prior to the trial date, that the transcript contains Confidential Information and specifically identifying those portions (including a witness's entire testimony) that contain Confidential Information.

6.3     In the event of a designation pursuant to Section 8.2, nothing shall prevent a Receiving Party from using the testimony of an expert or consultant who relied in his or her analysis on Confidential Information provided that the expert viewed the Confidential Information prior to the Producing Party's designation pursuant to Section 8.2.

7     A Receiving Party is not obligated to challenge the Producing Party's designation of Confidential Information at the time such a designation is made, and any failure to do so will not waive that party's right to request, at any time, that the Court determine whether the information satisfies the definitions of Confidential Information set forth at Section 1.4, or whether the information satisfies the applicable rules with respect to protected confidential information.  Should a Receiving Party challenge a Producing Party's designation, the parties agree to attempt to resolve the dispute in good faith.  If the dispute cannot be resolved and the Receiving Party seeks relief from the Court, the Producing Party will bear the burden of proving that the designation satisfies both the substantive and procedural requirements set forth in this

5

Protective Order as well as the applicable rules with respect to protected confidential information.

8       In the event that a Producing Party inadvertently fails to designate Confidential Information when it is first produced or disclosed, that party may, at any time thereafter, designate the Confidential Information by producing the information with the new designation, stamped with the same Bates number as the information it is intended to replace.  Upon receipt of the newly designated information, the Receiving Party will destroy all copies of the original. The Receiving Party shall not be in breach of this Protective Order for any disclosure made prior to receipt of such notice which would otherwise have been authorized by this Order but for the subsequent designation.

9       Prior to providing Confidential Information of any Producing Party to a testifying expert, the Receiving Party shall notify the Producing Party as to the identity of the testifying expert and shall provide the Producing Party a copy of the testifying expert's *curriculum vitae*, unless the expert has been previously disclosed by the Receiving Party under this Section 11. The Producing Party shall serve the Receiving Party with written objections to the testifying expert within (10) business days after receiving the notice.  If no written objection is timely served, the Receiving Party may provide the Confidential Information to the testifying expert according to the terms of this Protective Order.  If the Producing Party timely serves its objections, the Receiving Party shall not provide Confidential Information to the testifying expert until all objections are resolved.  The Producing Party and the Receiving Party shall work together in good faith to resolve any timely served objections concerning the testifying expert.  If any such dispute cannot be resolved within ten (10) business days after the Producing Party serves its objections, the Producing Party shall file a motion for a protective order to prohibit the

6

EAST\146729972.1

Receiving Party from providing Confidential Information to the testifying expert. If no motion for a protective order is timely served, the Receiving Party may provide Confidential Information to the testifying expert according to the terms of this Protective Order.

10      Any party may move the Court to amend this Protective order on five (5) business days' notice to all parties to the Action and the Producing Party that produced the information in question (or such shorter notice as the Court may require). In any proceedings on such a motion, the prior existence of this Protective Order shall not affect the burden of persuasion that would rest upon any proponent of a protective provision. The Court, on its own motion, may amend this Protective Order.

11      Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering legal advice to his or her client with respect to this litigation and referring generally to Confidential Information or relying upon the attorney's own examination of Confidential Information.

12      If any Receiving Party is required by law to disclose some portion of the Confidential Information other than as permitted by this Protective Order:

12.1    The Receiving Party will inform the Producing Party who originally disclosed such Confidential Information of the requirement as soon as practicable after receiving notice of the requirement. The Receiving Party will further inform the Producing Party which Confidential Information it is required to disclose.

12.2    The Receiving Party shall inform the requiring entity of the Receiving Party's obligations set forth in this Protective Order.

12.3    The Producing Party may seek a Protective Order with confidentiality provisions identical to this Protective Order. The Receiving Party shall not oppose the

7

Producing Party's attempts to obtain the Protective Order in any fashion, including assisting any third party in opposing the entry of such Protective Order.

12.3.1 If the Producing Party elects to seek a Protective Order under the above Section 14.3, it shall notify the Receiving Party within the earlier of (a) twenty (20) days after the Receiving Party sends its notice or (b) two (2) business days before the deadline for complying with the requirement but after the Receiving Party sends its notice.

12.3.2 If the Producing Party elects not to seek a Protective Order, or if the Receiving Party receives no notice under the above Section 14.3.1 within the time established in Section 14.3.1 of this Protective Order, the Receiving Party shall have the right to disclose the required Confidential Information.

12.3.3 If the Producing Party is unable to obtain a Protective Order satisfactory to the Producing Party after exhausting all applications for writs of mandamus and all interlocutory appeals  from the denial of such a Protective Order, the Receiving Party shall have the right to disclose the required Confidential Information.

13       The restrictions of the Protective Order shall not apply to, and this Order shall not be construed to prevent, any Receiving Party from making use of or disclosing information that:

13.1    Was lawfully in its possession prior to receipt of such information from a Producing Party, as shown by its written records dated prior to the Producing Party's disclosure;

13.2    Appears in any published material available to the Producing Party's trade or business, available to the public, or otherwise becomes available within the public

8

domain, other than as a consequence of the Receiving Party's breach of any obligation not to disclose the information; or

        13.3    It lawfully obtains subsequent to the Producing Party's disclosure, without obligation of confidence, from a source or sources other than the Producing Party; regardless of whether the same has been designated as Confidential Information.

        14    This Protective Order shall not be construed as a waiver by the parties of any objection which might be raised as to the admissibility of any evidence. This Protective Order shall be without prejudice to the rights of any person to oppose production of any information on any proper ground.

        15    All Litigation Documents filed with the Court and designated by either party as containing Confidential Information or referring to any previously designated Confidential Information shall be marked as containing "Confidential Information." The party filing any such Litigation Document shall move the Court to file the document under seal.

        16    Except as filed with the Court in accordance with this Order, all documents and things designated as Confidential Information shall be maintained at all times in the custody of individuals described in Sections 2. Within sixty (60) days after Termination of the Action, the original and all copies of each document and thing produced to a Receiving Party, or given to any other person pursuant to this Protective Order, which contains Confidential Information shall be destroyed. Notwithstanding the foregoing: (1) nothing in this Section shall require the destruction of information that resides on server backup tapes and other similar archival records that are generally inaccessible without engaging in affirmative steps to restore such documents as long as such computer archives were made during the ordinary course of business; (2) attorney work product, attorney client communications, and information derived from documents

9

designated by another party or nonparty as Confidential Information may be retained by the Receiving Party (if authorized to view them) and counsel for the Receiving Party (if authorized to view them); and (3) counsel for the Receiving Party may retain one copy of any notes, memoranda, or other documents that contain excerpts of Confidential Information.  Testifying and consulting experts may not retain (a) documents designated by another party or nonparty as Confidential Information, (b) attorney work product, attorney client communications, and information derived from documents designated by another party or nonparty as Confidential Information, or (c) notes, memoranda, or other documents that contain excerpts of Confidential Information designated by another party or nonparty, including without limitation copies of their expert reports, if any.  Upon completion of destruction, counsel for the Receiving Party shall promptly certify the destruction in writing to the Producing Party.

       17    If a Producing Party through inadvertence produces or provides documents or information that it believes is subject to a claim of attorney-client privilege or the work product doctrine, the Producing Party shall give written notice to the Receiving Party that the documents or information is subject to such a claim and request that the documents or information be returned.  The Receiving Party immediately shall return the documents or information to the Producing Party.  Immediate return of the documents or information by the Receiving Party shall not constitute an admission, waiver, or concession, or otherwise permit any inference, that the returned documents or information are, in fact, properly subject to a claim of attorney-client privilege or the work product doctrine.  The Receiving Party may move the Court for an order that such returned documents or information have been improperly designated as subject to the attorney-client privilege or work product doctrine and should be produced for reasons other than a waiver caused by the inadvertent production.  With respect to any document, the procedures set

10

forth in this paragraph shall apply only to the first instance in which that document is inadvertently produced.

18     Insofar as its provisions restrict the use or disclosure of any Confidential Information, this Protective Order shall remain binding after Termination of the Action, and the Court shall retain jurisdiction of all persons and parties bound by this Protective Order.

19     Nothing in this Order shall affect the admissibility into evidence of Confidential Information.

SO ORDERED this _____ day of _____, 2017.


_____

UNITED STATES DISTRICT JUDGE

11

## EXHIBIT A

### AGREEMENT CONCERNING INFORMATION COVERED BY
### A PROTECTIVE ORDER ENTERED IN THE
### UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF NEW YORK

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order (the "Protective Order") entered in *Byron Chemical Company, Inc. v. Cipla Limited*, Case No. 16-CV-06201 pending in the United States District Court for the Eastern District of New York, and understands its terms, and agrees to be bound by each of those terms.  Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Protective Order.

DATED this ____day of _____, 201__.


By: _____


_____
(Type or print name of individual)

12

EAST\146729972.1